I respectfully concur in judgment only because I disagree with this court's analysis. This court must affirm the trial court's sentence because defendant did not properly make a transcript of the sentencing hearing part of the record in this case. See App.R. 9 and 10; State v. Pedreira (1988), 36 Ohio St.3d 614; Columbus v. Hodge (1987), 37 Ohio App.3d 68. Because the majority ignores this defect and also because it is useful to clarify the correct sentencing procedure, I write separately to address the defendant's claim of sentencing errors.
The trial court could properly sentence defendant to the maximum term of imprisonment in the case at bar only if the courtexpressly stated either that defendant committed "the worst form of the offense" or that he posed "the greatest likelihood of committing future crimes." R.C. 2929.14(C) The court failed to make this express determination. However, defendant's attorney failed to object and thus did not provide the court with an opportunity to correct this omission. This court thus must determine whether this omission constitutes plain error resulting in material adverse prejudice to defendant's substantial rights.
The facts in this case reveal that the defendant used the occasion of a visit to his stepson, who was in jail pending trial for murder, as an opportunity to commit a crime. Brazenly stealing a coat and purse from the Justice Center indicates a total contempt for the justice system. Stealing the coat and purse in the middle of the winter on Christmas Eve, moreover, and thus leaving the victim with no money further demonstrates a heartless disregard for the victim. Furthermore, as the trial court properly noted, the defendant refused to admit his guilt and showed no remorse — a failure that makes rehabilitation more difficult. Finally, defendant had previously been convicted of a theft offense — without any success at rehabilitation.
These details of the crime coupled with defendant's record indicate the greatest likelihood of committing future crimes. Under the circumstances, this is not one of those rare cases which would result in a clear miscarriage of justice to warrant invoking the doctrine of plain error.
Thus I concur in judgment but disagree with the analysis the majority applies to reach this conclusion.