CITY OF COLUMBUS, APPELLEE, *v.*
HODGE, APPELLANT.

(Nos. 86AP-904 and -905 — Decided
May 19, 1987.)

*Ronald J. O'Brien,* city attorney,
*James J. Fais,* city prosecutor, and
*David E. Tingley,* for appellee.
*Michael L. Hodge, pro se.*

BOWMAN, J. Defendant-appellant, Michael L. Hodge, applied for a reconsideration of this court's judgment entered April 14, 1987. The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *Matthews* v. *Matthews* (1981), 5 Ohio App. 3d 140, 5 OBR 320, 450 N.E. 2d 278, paragraph two of the syllabus.

Appellant is requesting leave to file a complete transcript of the proceedings in the court below so that we may consider the assignment of error raised in oral argument that prosecutorial misconduct occurred during voir dire, opening statements, and closing arguments. Appellant had previously filed only a partial transcript of the proceedings in the trial court and such transcript did not include voir dire, opening statements, or closing arguments.

The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. *Knapp* v. *Edwards Laboratories* (1980), 61 Ohio St. 2d 197, 15 O.O. 3d 218, 400 N.E. 2d 384; see, also, *Tyrrell* v. *Investment Assoc., Inc.* (1984), 16 Ohio App. 3d 47, 16 OBR 50, 474 N.E. 2d 621. In addition, in the absence of all the relevant

evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. *Bates & Springer, Inc.* v. *Stallworth* (1978), 56 Ohio App. 2d 223, 10 O.O. 3d 227, 382 N.E. 2d 1179; see, also, App. R. 9(B).

Because appellant's motion for reconsideration raises no issue for review that was either not considered at all or was not fully considered when it should have been, appellant's motion is overruled. In its previous opinion, this court specifically addressed the issue of appellant's failure to file a complete transcript to reference the alleged prosecutorial misconduct.

Accordingly, the motion for reconsideration is denied.

*Motion denied.*

STRAUSBAUGH, P.J., and WHITE-SIDE, J., concur.