This matter is before the court upon appellant's motion for reconsideration of our decision dated April 17, 1998.
A court of appeals applies the following standard to a motion for reconsideration:
 "[W]hether the motion calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." Columbus v. Hodge (1987), 37 Ohio App.3d 68.
Our decision affirmed the judgment of the Lucas County Court of Common Pleas, which denied appellant's post-conviction petition to vacate his sentence.
Appellant again argues that because he received ineffective assistance of counsel, he entered a no contest plea to aggravated burglary, in violation of R.C. 2911.11(A)(3), and was sentenced to serve five to twenty years of incarceration. Appellant again contends that no evidence existed to show appellant burglarized an occupied structure. Therefore, according to appellant, the absence of pretrial motions in the record provides substantive evidence of counsel's ineffectiveness.
The alleged lack of pretrial motions in the record does not provide sufficient operative facts to demonstrate ineffective counsel which prejudiced appellant. Appellant never presented evidence to support his contention that the state of Ohio had no evidence to convict him of burglary.
In the trial court, appellant argued his counsel did not request a bill of particulars. The record showed that his counsel did request a bill of particulars. Because a court of appeals will not address matters which have not been presented to the trial court first, we decline to address appellant's new argument on appeal that his attorney should have filed a motion to suppress. We also decline to address appellant's new arguments raised in his motion for reconsideration that his attorney should have filed a "motion for acquittal", even though there was no trial, see Crim.R. 29, and that the trial court did not determine if his plea was knowing and voluntary.
Moreover, upon reconsideration, we note that appellant did not file his petition for post-conviction relief timely. Appellant was convicted and sentenced on March 6, 1996. He filed his pro se petition for post-conviction relief on May 28, 1997. R.C. 2953.21(A)(2) requires that in a case where no direct appeal of a judgment of conviction is taken, a petition for post-conviction relief must be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. Appellant's petition was filed well over a year after his conviction and sentence, and well outside the time permitted by R.C. 2953.21(A)(2). Appellant never affirmatively asserted any of the exceptions listed in R.C. 2953.23(A).
Therefore, appellant's motion for reconsideration is found well-taken, but not on the grounds which appellant raised in his motion. Accordingly, the trial court's decision on the merits is void and we dismiss this appeal. Costs are assessed to appellant.
George M. Glasser, J.
 Melvin L. Resnick, J.
 Richard W. Knepper, J.
CONCUR.