Appellant MGM Limited ("MGM") appeals the judgment of the Medina County Court of Common Pleas awarding title by adverse possession to a parcel of property to Appellees Robert and Betty Whitford. We affirm.
Appellees originally filed this action to quiet title to the property in dispute on a theory of adverse possession. They then moved for, and were granted, summary judgment by the trial court. MGM appealed that judgment, and this Court reversed, and remanded the case to the trial court. See Whitford v. MGM Ltd. (Sept. 6, 1995), Medina App. No. 2382-M, unreported. On remand, the matter proceeded to trial before a jury. The jury then returned a verdict in favor of Appellees awarding them title to the subject property via adverse possession. After the jury verdict, but prior to the trial court entering judgment upon the verdict, MGM attempted to transfer title of the property to Sawchyn Family Partnership, Limited. After the trial court entered judgment upon the jury's verdict ordering that title be transferred to Appellees, Appellees moved to have the property transfer by MGM to Sawchyn Family Partnership, Limited set aside. The trial court granted this motion. MGM now appeals the judgments of the trial court entering judgment upon the jury's verdict, and granting Appellee's motion to set aside the property transfer.
First Assignment of Error
 The trial court erred in not granting an immediate dismissal of [Appellees'] action as the Ninth Appellate Court had remanded it back to the trial court after the [trial] court had erred in granting a summary judgment in their opinion [sic] of Sept. 6, 1995.
MGM first contends that the trial court was obligated to dismiss Appellees' complaint based upon this Court's prior decision in Whitford, supra, dated September 6, 1995. This assertion is without merit.
As an initial matter, this Court's prior decision did not mandate that the trial court dismiss Appellees' cause of action. That decision only determined that the trial court erred by granting summary judgment to Appellees because "they failed to produce evidence that demonstrated the absence of any genuine questions of fact upon each material element of their claim of adverse possession." Whitford, supra, at 5. Thus, MGM's assertion that the trial court was mandated by our prior decision to dismiss Appellee's claim is without merit.
MGM also attempts to argue the merits of Appellees' adverse possession claim under its first assignment of error. However, the record does not include a transcript of the trial court's proceedings for this Court's review. In State v. Cavanaugh (Mar. 28, 1990), Summit App. No. 14237, unreported, this Court stated:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. * * * In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. * * *"
(Alterations in original) Id. at 3, quoting Columbus v. Hodge
(1987), 37 Ohio App.3d 68, 69. Based upon MGM's failure to include all the necessary evidence in the appellate record to demonstrate the alleged error, we must presume the validity of the trial court's proceedings. As such, MGM's first assignment of error is overruled.
Second Assignment of Error
 The court erred in directing the county authorities to remove the transfer of this property to a new entity known as SAWCHYN FAMILY PARTNERSHIP, LIMITED which was establsshed [sic] shortly before completion of trial along with [MGM's] other assets and properties and was transferred [sic] to this new equity [sic].
MGM next avers that the trial court erred by granting Appellees' motion to set aside the property transfer MGM made to Sawchyn Family Partnership, Limited. We disagree.
We must begin by noting that MGM presents no argument, or authority, in support of its proposition under its second assignment of error. It is fundamental that the appellant bears the burden of affirmatively demonstrating error on appeal.Pennant Molding, Inc. v. C J Trucking Co. (1983), 11 Ohio App.3d 248,251. Because MGM makes no attempt to demonstrate the trial court's alleged error before this Court, its second assignment of error may summarily be overruled. See App.R. 12(A)(2).
Nonetheless, in the interest of justice we will address the merits of MGM's claim. It is well settled that while an action is pending, "no interest can be acquired by third persons in the subject of the action, as against the plaintiff's title." R.C.2703.26. As such, Sawchyn Family Partnership, Limited could not acquire title to the property that was the basis of Appellees' claim. Therefore, the trial court did not err by granting Appellees' motion to set aside the property transfer by MGM to Sawchyn Family Partnership, Limited. Accordingly, MGM's second assignment of error is without merit.
MGM's assignments of error are overruled. The judgments of the Medina County Court of Common Pleas are affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Medina, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
BAIRD, P. J.
CARR, J.
CONCUR