[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This matter is before the court on appellant Rebecca J. Bauer's motion for reconsideration of this court's March 17, 2000 decision affirming the decision of the Lucas County Court of Common Pleas, Domestic Relations Division.
The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbus v. Hodge (1987), 37 Ohio App.3d 68.
Appellant asks this court to reconsider our decision on appellant's first assignment of error. Appellant argued that the court, in its final judgment entry, failed to follow the parties' stipulations. Specifically, the parties stipulated that appellant would retain possession of the home and
 "At the time the house is sold, the formula for the distribution and the proceeds of the sale are as follows: out of the proceeds of the sale shall be paid the costs of the sale, and the first mortgage balance and reimbursement to [appellant] of the amount by which she has reduced the principal due on the first mortgage after June 7, 1996. After subtracting those disbursements, the remaining net proceeds shall be divided 50/50 and at that time out of [appellee's] share, [appellee] shall pay to [appellant] at closing the sum of $13,097.00 which is the agreed difference between the property being retained by [appellant] and [appellee]."
The parties also stipulated that appellee would be awarded one-half of the value of his 401k plan or $1,310.48. Thus, the parties stipulated that the difference between the property being retained by appellant and appellee is $14,407.48. In other words, appellee was to pay appellant $14,407.48 at closing.
The only issue before the trial court was the valuation of appellant's PERS account. In the final judgment entry, the court found the account to be worth $64,269. The judgment entry further read "[appellant] shall pay to [appellee] a sum equal to fifty percent (50%) of that amount as property settlement in this action." The court, in its judgment entry, then added all of the parties assets together including the PERS account and divided the property accordingly.
 Value of Retained by Retained by Marital Plaintiff Defendant Property Currently Currently
1990 Astro Van $ 8,300.00 $ 8,300.00 $ 0.00
1986 Olds Cutlass 1,000.00 0.00 1,000.00
1983 Chris Craft 6,000.00 0.00 6,000.00
1995 Utility Trailer 1,000.00 0.00 1,000.00
PPG Stock 19,097.00 0.00 19,097.00
U.S. Savings Bond 16,000.00 16,000.00 0.00
N Y Life Insurance 4,800.00 0.00 4,800.00
Std. Fed. IRA 6,000.00 0.00 6,000.00
401k Plan (Def.) 2,621.00 0.00 2,621.00
PERS Account 64,269.00 64,269.00 0.00
TOTAL $129,087.00 $88,569.00 $40,518.00
ONE-HALF DUE EACH PARTY $64,543.50
DUE TO Defendant at Closing to Equal One-Half Marital Assets $24,025.50
Appellant contends in her motion for reconsideration that the court erred in its calculations. Specifically, the court calculated the value of the parties' assets despite the fact the parties had already stipulated to the amount of $14,407.48. Appellant contends the calculation should be as follows:
Appellant to pay appellee one-half of PERS 32,134.50
 Appellee to pay appellant to equalize previously divided assets — 14,407.48 _________
 Net amount due to appellee from appellant at closing of house. 17,727.02
This calculation takes into consideration the parties' stipulation and the judicial determination that the value of the marital portion of appellant's PERS plan subject to distribution is $64,269.00. Appellant has called to our attention an obvious error in our determination of appellant's first assignment of error.
Accordingly, appellant's motion for reconsideration is granted. Appellant's first assignment of error is found well-taken as modified in this decision. Appellant's second, third and fourth assignments of error are found not well-taken in accordance with the prior decision and judgment entry of this court rendered on March 17, 2000. The judgment of the Lucas County Court of Common Pleas is reversed in part and affirmed in part, and the cause is remanded to that court for further proceedings in accordance with law and this decision. Court costs shall be divided equally between the parties.
 _______________________________ MELVIN L. RESNICK, J. JUDGE
JAMES R. SHERCK, J., MARK L. PIETRYKOWSKI, J., CONCUR.