DECISION
In May 2000, Franklin County Children Services ("FCCS") filed a motion for permanent custody of Frankie Bernthold, the son of Nicole S. Farley and Shawn Bernthold. The motion was filed pursuant to R.C. 2151.413, and alleged that Frankie had not been abandoned or orphaned, nor had he been in the temporary custody of a public children services agency or a private agency under an order of temporary custody for twelve or more months of a twenty-two month consecutive period, but that the child could not be placed with either of his parents within a reasonable time or should not be placed with either of his parents.
Following a hearing at which appellant was represented by counsel, the magistrate decided permanent custody of Frankie should be granted to FCCS.
Appellant filed a timely notice of appeal; however, appellant has failed to set forth assignments of error as required by App.R. 16. We construe appellant's brief to raise the following assignments of error:
 1. Franklin County Children Services failed to show, by clear and convincing evidence, that permanent custody was in the best interest of Frankie Bernthold, and that the child could not or should not be returned to his parents within a reasonable period of time.
 2. Franklin County Children Services did not properly implement its case plan.
Appellant's assignments of error are related and will be addressed together.
A review of these issues is hampered by appellant's failure to file a transcript, pursuant to App.R. 9(B), or a statement of the evidence pursuant to App.R. 9(C). In Columbus v. Hodge (1987), 37 Ohio App.3d 68,68-69, this court stated:
 The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, we have nothing to pass upon and, thus, we have no choice but to presume the validity of the lower court's proceedings and affirm. * * * In addition, in the absence of all the relevant evidence, a reviewing court must indulge the presumption of regularity of the proceedings and the validity of the judgment in the trial court. It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court. * * *
R.C. 2151.414 provides that, before a juvenile court may grant a motion for permanent custody, the court must find that the permanent commitment is in the best interest of the child and that the child cannot or should not be returned to the parents within a reasonable time. R.C. 2151.414(B) provides:
 (B)(1) Except as provided in division (B)(2) of this section, the court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (a) The child is not abandoned or orphaned or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
(b) The child is abandoned.
 (c) The child is orphaned, and there are no relatives of the child who are able to take permanent custody.
 (d) The child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999.
* * *
 (2) With respect to a motion made pursuant to division (D)(2) of section 2151.413 [2151.41.3] of the Revised Code, the court shall grant permanent custody of the child to the movant if the court determines in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest.
Pursuant to R.C. 2151.414(B), the moving party has the burden of proof by clear and convincing evidence. "Clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
R.C. 2151.414(D) provides the factors to be considered in determining whether permanent custody is in the best interest of the child. These factors include, but are not limited to: the child's relationship with parents, foster parents, siblings, relatives and other care providers; the wishes of the child; the child's custodial history, including whether the child has been in temporary custody for twelve or more of the last twenty-two consecutive months; the need for legally secure placement and whether that might be achieved without granting permanent custody; and whether the factors in R.C. 2151.414(E)(7) through (11) apply. These last factors generally include criminal convictions relating to children, denial of medical care, drug and/or alcohol-related issues, and abandonment, neglect or abuse of the child.
In determining whether there is a likelihood of returning the child to the parents within a reasonable time, the court must look to the sixteen factors enumerated in R.C. 2151.414(E), and determine by clear and convincing evidence whether one or more of the factors exist. In general, these factors pertain to the medical and physical condition of the parents and parental actions towards, or neglect, abuse or abandonment of, the child.
In rendering a decision, the magistrate found:
 The Magistrate finds continuation in the child's own home would be contrary to the child's welfare and reasonable efforts have been made to prevent or eliminate the need for removal of said child from the child's own home. The Magistrate finds placement and caseworker services were provided by the agency to the family of the child, but the removal of the child from home continues to be necessary because the circumstances giving rise to the original filing have not been sufficiently alleviated.
While in other circumstances it might be questionable as to whether such findings are sufficient, R.C. 2151.414(C) provides the court must file a written opinion, including findings of fact and conclusions of law, only if a request is made by a party. No such request was made in this matter.
Appellant argues that she completed the case plan drawn up by FCCS, which offered her no assistance or support in regaining custody of her child. Appellant has listed a number of counseling services with dates of attendance, lists of addresses with dates presumably of when she lived at those addresses, parenting classes with dates, and drug assessment and domestic violence programs. These bare assertions, however, without more, do not show error by the trial court. While appellant may have attended parenting classes, for example, this does not mean she completed them or was able to apply what she learned to her role as a parent of Frankie. Likewise, while appellant argues that FCCS failed to assist her in regaining custody, she provides no specific failures on the agency's part. R.C. 2151.414(C) provides that the failure of an agency to implement some specific part of a case plan is not a basis for denying permanent custody.
The report of the guardian ad litem required to be filed, pursuant to R.C. 2151.414(C), states that appellant's mental health issues have interfered with her ability to provide parental supervision and care for Frankie, or to provide appropriate housing. The guardian reviewed Frankie's custodial history, which included several instances in which he had been removed from his mother or father on a temporary basis, and returned to one of the parents only to be removed a short time thereafter. Frankie apparently was placed with and removed from the custody of another relative. The guardian found that, while appellant attended parenting classes and counseling services, she either failed to complete these programs or was unable to apply the skills taught to her. The guardian ad litem's report further stated:
 * * * She has basically [bounced around] living with friends and relatives until being asked to leave or evicted. Most disturbing about this case is the fact that Nicole just up and moved away to Michigan. This allowed virtually no contact with Frankie and an inability by FCCS to offer her services.
As to Frankie's father, the guardian found he was unable to overcome his alcohol problems.
In the absence of a transcript, this court has no basis from which to conclude that the trial court erred in granting permanent custody of Frankie Bernthold to Franklin County Children Services. Therefore, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
PETREE and KENNEDY, JJ., concur.