DECISION AND JUDGMENT ENTRY
This matter is before the court on appellee the state of Ohio's motion for reconsideration of this court's August 10, 2001 decision reversing the decision of the Fulton County Court of Common Pleas and appellee's "motion to certify a conflict." Appellant has filed a memorandum in opposition to both motions. Finding that the motion for reconsideration has merit, appellee's motion is hereby granted. Appellee's motion to certify is hereby rendered moot.
The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. Columbus v.Hodge (1987), 37 Ohio App.3d 68.
The facts giving rise to this appeal are as follows. On October 5, 2000, appellant, Alan D. Keck, entered guilty pleas to two counts of involuntary manslaughter, violations of R.C. 2903.04(B) and felonies of the third degree. The charges were the result of a drunk driving accident which occurred on September 26, 1999. On the day appellant committed these offenses, he was on probation in the state of Michigan for his third drunk driving offense. On November 9, 1999, also as a result of the September 26 accident, appellant received a forty to sixty month prison term in the state of Michigan for violating his probation. On December 1, 2000, appellant was sentenced to two consecutive four year prison terms for each of the Ohio involuntary manslaughter charges. His eight year sentence was ordered to be served consecutively with his Michigan prison term. The version of R.C. 2929.41(A) that was in effect on the date of appellant's offense states in pertinent part:
 "Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a sentence of imprisonment shall be served concurrently with any other sentence of imprisonment imposed by a court of this state, another state, or the United States. Except as provided in division (B)(2) of this section, a sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."
On appeal, appellant argued that pursuant to R.C. 2929.41(A), the court erred in ordering him to serve his sentence for two counts of involuntary manslaughter consecutive with his sentence imposed by a Michigan court. In finding appellant's sole assignment of error well-taken, appellee contends that this court failed to consider the version of R.C.2929.14(E)(3) that was in effect at the time of appellant's offense. That statute states:
 "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The R.C. 2929.41(A) instruction regarding concurrent sentencing applies to cases where a defendant has been sentenced for one offense at a time when another sentence for an unrelated offense has been imposed by a different court. The version of R.C. 2929.41(A) in effect at the time of appellant's offense specifically excepted cases in which R.C. 2929.14(E)(3) applied.
Appellant, in the present case, was sentenced for two violations of involuntary manslaughter. Appellant having received multiple prison terms, R.C. 2929.14.(E)(3) applied. In sentencing appellant, the trial court, pursuant to R.C. 2929.14(E)(3), stated:
 "The Court finds specifically that the consecutive service is necessary to protect the public from future crimes, or to punish the offender, and that the consecutive sentences are not disproportionate to the
 seriousness to the offender's conduct and to the dangers that offender imposes to the public and in Court. (Sic) Further finds that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct. Further the offender's history of criminal conduct demonstrates the consecutive sentences are necessary to protect the public from future crime by the offender."
Accordingly, we find that the trial court did not err in ordering appellant to serve his two involuntary manslaughter sentences consecutively to his Michigan prison term. Appellee's motion for reconsideration is granted and appellant's sole assignment of error is found not well-taken as modified in this decision. The judgment of the Fulton County Court of Common Pleas is affirmed. Given our disposition of appellee's motion for reconsideration, appellee's motion to certify a conflict is rendered moot. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Melvin L. Resnick, J.
 Peter M. Handwork, J., James R. Sherck, J. JUDGES CONCUR.