OPINION
On March 28, 2002, this Court entered an Opinion and Journal Entry affirming Appellant's conviction for unlawful possession of a dangerous ordnance. We also affirmed Appellant's sentence on this conviction. In the first paragraph on the first page of the Opinion, we clearly state that we are affirming the trial court's decision to sentence Appellant, ". . . to eight months of imprisonment". Unfortunately, the Opinion also contains a typographical error on the last page, wherein we refer to this same sentence as one consisting of six months.
Based on this typographical error, Appellant subsequently filed a motion for reconsideration under App.R. 26. In his motion, Appellant claims that the typo reflects a "mistake of fact" and that we, thus, failed to consider Appellant's assignment of error which sought reversal of his sentence. Because it is clear that we fully considered the assignment and rejected it, we must deny Appellant's motion.
Both Appellant and Appellee correctly recite the standards used in deciding a motion for reconsideration and it will not be restated here. It is sufficient to note, as above, that this Court must have completely failed to consider a crucial argument in Appellant's underlying appeal. Such motions are not to be used solely because one disagrees with the Court's determinations. Columbus v. Hodge (1987), 37 Ohio App.3d 68, paragraph one of syllabus; Juhasz v. Costanzo (Feb. 7, 2002), 7th Dist. No. 99-C.A.-294. Certainly, App.R. 26 is not to be used as a subterfuge for rehearing when a mere typo is at issue.
It is very clear in our sentencing discussion, beginning at page 20 of the underlying Opinion, that we recognize that Appellant was sentenced to slightly more than the minimum sentence as set by statute. We state that while the sentencing guidelines provide a presumption that an offender who has never served a prison sentence should be given the shortest term under law, the presumption can be overcome by other factors. We held that, in Appellant's case, the presumption was overcome by the fact that Appellant had a long history of misdemeanor and juvenile convictions and also had a history of alcohol abuse. We stated the law that Appellant need not be provided with a list of specific factors used by the court in its sentencing consideration, rather, the record itself must support the sentence. No more justification is needed to overcome the presumption, however, we also found that the trial court made fairly specific findings and that, "[t]hese findings exceed the legal requirements." Opinion p. 25.
Thus, with nothing more than mere typographical error presented, Appellant's motion is meritless and must be overruled.
Vukovich, P.J., concurs.
DeGenaro, J., dissents; see dissenting opinion.