[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] Reporter's Note: For earlier opinion, see State v. Rodriguez,2002-Ohio-3568.
 DECISION AND ENTRY
{¶ 1} This matter is before the court on App.R. 25 motion to certify a conflict that was filed by the State. The motion argues that our decision of July 12, 2002, reversing Defendant Rodriguez's conviction, is in conflict with the holdings of two other appellate districts; State v.Abuhilwa (Mar. 29, 1995), Summit App. No. 16787, and State v. Reeder(April 14, 1994), Cuyahoga App. No. 65782.
 {¶ 2} Motions filed pursuant to App.R. 25 must be filed within ten daysafter announcement of the court's decision, at the latest. Applicationsfor reopening filed pursuant to App.R. 26(A) must be filed within the sametime. That form of application is appropriate when the court's decisioncontains an obvious error. Columbus v. Hodge (1987), 37 Ohio App.3d 68.Because we find that our decision herein contains an obvious error on theissue of law presented, we shall consider the motion that the State filedon July 22, 2002, within ten days after our decision of July 12, 2002, asan App.R. 26(A) application for reconsideration.
 {¶ 3} Abuhilwa and Reeder hold that the relief available to adefendant for the trial court's failure to give the advice required byR.C. 2943.031(A) is that provided by R.C. 2943.031(D), which is toset aside the defendant's conviction upon the filing of a Crim.R. 32.1motion to withdraw a guilty plea and the showing that R.C. 2943.031(D)requires concerning citizenship and the potential for deportation. Thiscourt has also so held. See State v. McDargh (Nov. 2, 2001), ClarkApp. No. 00CA94, 2001-Ohio-1703, citing Abuhilwa and Reeder.
 {¶ 4} As the basis for our decision herein, we relied on our decision inState v. Mason (Feb. 15, 2001), Greene App. No. 01CA113, 2002-Ohio-930,and we construed Mason to have modified McDargh. Upon further review, wefind that it did not, because in Mason the defendant had sought therelief for which R.C. 2943.031(D) provides and appealed after beingdenied that relief. Therefore, our decision in McDargh remainsauthoritative, and governs the holding in this appeal.
 {¶ 5} Defendant-Appellant Rodriguez did not ask the trial court to setaside his conviction pursuant to R.C. 2943.031(D), and instead filed adirect appeal from his conviction, assigning as error the trial court'sfailure to comply with R.C. 2943.031(A) when it accepted his guiltypleas. Per McDargh, Abuhilwa, and Reeder, Defendant-Appellant wasbarred from prosecuting that error on appeal. (Also see State v.Thompson (Mar. 21, 1991), Greene App. No. 90-CA-90.) Therefore, Defendant-Appellant's single assignment of error should have been overruled, not sustained.
 {¶ 6} Upon reconsideration, we vacate our decision of July 12, 2002, and instead overrule Defendant-Appellant's assignment of error. Therefore, on the error presented, his conviction and sentence are affirmed.
So Ordered.
MIKE FAIN, JUDGE, THOMAS J. GRADY, JUDGE, FREDERICK N. YOUNG, JUDGE.