OPINION
{¶ 1} Defendant-appellant, Joseph D. Yohn, appeals from the judgment of the Mahoning County Court of Common Pleas overruling his motion for the issuance of an injunction and/or restraining order directed towards the Ohio Adult Parole Authority.
 {¶ 2} On August 22, 2000, appellant entered separate guilty pleas to abduction in lower Case Number 99 CR 794 and to three counts of trafficking in cocaine in lower Case Number 00 CR 483. The trial court sentenced appellant on November 2, 2000, to two years each on two of the trafficking charges and the abduction charge and one and a half years on the other trafficking charge all to be served concurrently.
 {¶ 3} On February 25, 2002, appellant, acting pro se, filed what he termed a Motion for the Issuance of an Injunction and/or Restraining Order Directed Towards the Ohio Adult Parole Authority. Appellant alleged in his motion that neither his counsel nor the trial court advised him of post-release control during sentencing. He requested that the court issue an injunction against the Adult Parole Authority restraining them from placing him on post-release control upon the completion of his sentence. The trial court overruled appellant's motion on March 13, 2002. Appellant filed his timely notice of appeal from this decision on March 27, 2002.
 {¶ 4} Appellant raises one assignment of error in his pro se brief, which states:
 {¶ 5} "TRIAL COURT'S FAILURE TO PROPERLY ADVISE THE APPELLANT IN OPEN COURT THAT HE COULD BE PLACED ON PROBATION (POST-RELEASE CONTROL) MANDATES THAT A RESTRAINING/INJUNCTION ORDER BE ISSUED TO PREVENT SUCH PLACEMENT ON PROBATION WITHOUT PROPER NOTIFICATION BY TRIAL COURT."
 {¶ 6} Appellant asserts that when the trial court sentenced him, it never advised him that he could be placed on probation following the completion of his sentence. He admits that counsel mentioned post-release control to him in the hallway, but argues it was error for the court not to inform him of such in open court. Citing, Woods v. Telb (2000),89 Ohio St.3d 504; R.C. 2967.28(B)(C). He also acknowledges that he was informed of post-release control in his guilty plea forms.
 {¶ 7} In Woods, the Ohio Supreme Court held:
 {¶ 8} "Pursuant to R.C. 2967.28(B) and (C), a trial court must inform the defendant at sentencing or at the time of a plea hearing that post-release control is part of the defendant's sentence." Id. at paragraph two of the syllabus.
 {¶ 9} It is clear after reviewing appellant's sentencing transcript that the trial court did not advise appellant of post-release control at his sentencing hearing. However, although appellant filed the transcript of his sentencing hearing, he failed to file the transcript of his plea hearing. "The duty to provide a transcript for appellate review falls upon the appellant because an appellant bears the burden of showing error by reference to the matters in the record. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, a court has nothing to pass upon and, thus, the court must presume the validity of the lower court's proceedings and affirm."Columbus v. Hodge (1987), 37 Ohio App.3d 68, paragraph two of the syllabus. Woods explicitly states that the trial court must advise the defendant of post-release control at the sentencing or at the time of the plea hearing. Woods, 89 Ohio St.3d at paragraph two of the syllabus. Since appellant did not provide us with a transcript of the plea hearing, we must presume the validity of that proceeding. Appellant cannot demonstrate that the trial court failed to advise him of post-release control at his plea hearing.
 {¶ 10} Furthermore, although we do not have the transcript of the plea hearing, the record does include appellant's plea forms. Both of the guilty plea forms signed by appellant contain the following language:
 {¶ 11} "IN ADDITION A PERIOD OF CONTROL OR SUPERVISION BY THE ADULT PAROLE AUTHORITY AFTER RELEASE FROM PRISON IS MANDATORY/OPTIONAL IN THIS CASE. THE CONTROL PERIOD MAY BE A MAXIMUM TERM OF 3YEARS. A VIOLATION OF ANY POST-RELEASE CONTROL RULE OR CONDITION CAN RESULT IN A MORE RESTRICTIVE SANCTION WHILE RELEASED, AN INCREASED DURATION OF SUPERVISION OR CONTROL, UP TO A MAXIMUM SET OUT ABOVE AND/OR RE-IMPRISONMENT EVEN THOUGH YOU HAVE SERVED THE ENTIRE STATED PRISON SENTENCE IMPOSED UPON YOU BY THIS COURT FOR ALL OFFENSES SET OUT ABOVE. RE-IMPRISONMENT CAN BE IMPOSED IN SEGMENTS OF UP TO NINE (9) MONTHS BUT CANNOT EXCEED A MAXIMUM OF ½ OF THE TOTAL TERM IMPOSED FOR ALL OF THE OFFENSES SET OUT ABOVE. IF YOU COMMIT ANOTHER FELONY WHILE SUBJECT TO AN ADDITIONAL PRISON TERM CONSISTING OF THE MAXIMUM PERIOD OF UNSERVED TIME REMAINING ON POST-RELEASE CONTROL AS SET OUT ABOVE OR TWELVE (12) MONTHS WHICHEVER IS GREATER. THIS PRISON TERM MUST BE SERVED CONSECUTIVELY TO ANY TERM IMPOSED FOR THE NEW FELONY YOUR [sic.] ARE CONVICTED OF COMMITTING.
 {¶ 12} "* * *
 {¶ 13} "ALL OF THE ABOVE HAVE BEEN FULLY EXPLAINED TO ME BY THE COURT AND MY COUNSEL." (August 22, 2000, Pleas of Guilty in cases 99 CR 794 and 99 CR 483).
 {¶ 14} Based on the above language in the plea forms and on the lack of a transcript of the plea hearing, we are convinced appellant was well advised that post-release control was a part of his sentence. Furthermore, appellant acknowledges that both his counsel and his guilty plea forms informed him that he was subject to post-release control. (Appellant's Brief, p. 6-7).
 {¶ 15} Additionally, the trial court noted in its Judgment Entry of Sentencing that appellant was given notice under R.C. 2929.19(B)(3). R.C. 2929.19(B)(3) provides, in relevant part, that the sentencing court:
 {¶ 16} "(b) Notify the offender that, as part of the sentence, the parole board may extend the stated prison term for certain violations of prison rules for up to one-half of the stated prison term;
 {¶ 17} "(c) Notify the offender that the offender will be supervised under section 2967.28 of the Revised Code [the post-release control section] after the offender leaves prison if the offender is being sentenced for * * * a felony of the third degree in the commission of which the offender caused or threatened to cause physical harm to a person;
 {¶ 18} "(d) Notify the offender that the offender may be supervised under section 2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the third, fourth, or fifth degree that is not subject to division (B)(3)(c) of this section;
 {¶ 19} "(e) Notify the offender that, if a period of supervision is imposed following the offender's release from prison, as described in division (B)(3)(c) or (d) of this section, and if the offender violates that supervision or a condition of post-release control imposed under division (B) of section 2967.131 of the Revised Code, the parole board may impose a prison term, as part of the sentence, of up to one-half of the stated prison term originally imposed upon the offender;"
 {¶ 20} Thus, the trial court included post-release control in appellant's sentence. Based on the foregoing, we cannot say that the trial court erred in overruling appellant's motion. Appellant's assignment of error is without merit.
 {¶ 21} For the reasons stated above, the decision of the trial court is hereby affirmed.
Judgment affirmed.
Vukovich, J., and Waite, J., concur.