DECISION ON APPLICATION FOR RECONSIDERATION
{¶ 1} Plaintiff-appellee, the State of Ohio, has filed an application for reconsideration, pursuant to App.R. 26(A), requesting that this court reconsider its opinion issued April 8, 2004. For the following reasons, we deny that application.
 {¶ 2} When presented with an application for reconsideration, an appellate court must determine whether the motion calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.State v. Rowe (Feb. 10, 1994), Franklin App. No. 93AP-1763;Columbus v. Hodge (1987), 37 Ohio App.3d 68, 69. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the logic used by the appellate court or the conclusions it reached." Juhasz v. Costanzo (Feb. 7, 2002), Mahoning App. No. 99-CA-294.
 {¶ 3} In our April 8, 2004 opinion, we reversed the trial court's imposition of a prison sentence because the trial court imposed the sentence based upon the incorrect version of R.C.2951.041. As we explained, Am.Sub.S.B. No. 107 ("Bill No. 107"), which became effective March 23, 2000, repealed the former "treatment in lieu" version of R.C. 2951.041 and replaced it with an entirely new statute entitled "intervention in lieu." However, before the intervention in lieu statute became effective, the General Assembly passed Sub.H.B. No. 202 ("Bill No. 202"), which amended the then-still existing treatment in lieu version of R.C.2951.041. The trial court sentenced appellant pursuant to the former treatment in lieu version of R.C. 2951.041 instead of applying the new intervention in lieu version of the statute passed by Bill No. 107. We determined that the new intervention in lieu version of R.C. 2951.041 applied in this case.
 {¶ 4} In its application for reconsideration, appellee first contends that this court erred by repeatedly referring to appellant's request for treatment in lieu of conviction as a request for intervention in lieu of conviction. We recognize that appellant requested treatment in lieu of conviction, and the trial court considered appellant's request pursuant to the treatment in lieu version of R.C. 2951.041. This court, however, held that appellant's request (regardless of how it was labeled) should have been evaluated under the intervention in lieu version of that statute because that was the statute in effect at the time appellant made her request. Therefore, for purposes of clarity and continuity, we referred to appellant's request as a request for intervention in lieu of conviction. We see no error in that choice of language.
 {¶ 5} Moreover, because the trial court evaluated appellant's request under the wrong version of R.C. 2951.041, this court remanded the matter for a determination of whether appellant qualified under the correct version of R.C. 2951.041. Implicit in this remand is the assumption that appellant still desires to seek intervention in lieu of conviction. If that assumption is incorrect, R.C. 2951.041 is inapplicable.
 {¶ 6} Appellee next argues that this court erred when it did not apply R.C. 1.52(A), a rule of statutory construction, which provides that "[i]f statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails." Appellee contends that because Bill No. 202 was signed by the Governor after Bill No. 107, it should prevail pursuant to R.C. 1.52(A). We disagree.
 {¶ 7} By its express language, R.C. 1.52(A) applies where irreconcilable statutes are enacted at the same or different legislative sessions. This rule of statutory construction only applies when separate statutes are enacted — not when different versions of the same statute are at issue. Therefore, R.C.1.52(A) does not apply to the present matter. Nor does this case present a situation when there are conflicting amendments to the same statute as contemplated by R.C. 1.52(B). As noted in our April 8, 2004 opinion, Bill No. 202 amended, but did not repeal, R.C. 2951.041. Bill No. 107 repealed R.C. 2951.041 (as amended by Bill No. 202) in its entirety and replaced it with a new statutory scheme. Therefore, Bill No. 202 and Bill No. 107 are not in conflict and R.C. 1.52(B) is also inapplicable.
 {¶ 8} Finally, appellee also takes issue with this court's reliance on the General Assembly's subsequent amendment of R.C.2951.041 pursuant to Am.Sub.H.B. No. 327 ("Bill No. 327") as evidence of the General Assembly's intent to replace the treatment in lieu statute with the intervention in lieu statute. Bill No. 327 was premised on the intervention in lieu statutory scheme previously enacted by Bill No. 107. Therefore, the General Assembly obviously believed that the intervention in lieu version of R.C. 2951.041 was in effect at that time — which is consistent with the General Assembly's previous repeal of the treatment in lieu version of the statute. We see no error in this analysis.
 {¶ 9} For the foregoing reasons, appellee's application for reconsideration is denied.
Application denied.
Bryant and Brown, JJ., concur.