DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is before us following the October 15, 2003 judgment of the Lucas County Court of Common Pleas, which denied appellant Albert Offet's pro se motion for modification of sentence. Previously, following a guilty plea, appellant was sentenced to a 17-month prison term for aggravated assault to be served consecutively with his 13-month sentence for attempted failure to comply with an order or signal of a police officer. Appellant, pro se, raises the following assignment of error:
 {¶ 2} "The trial court was in error when the court prejudice [sic] plaintiff with bad acts and run [sic] both sentences consecutively instead of concurrent [sic] as the law states."
 {¶ 3} Appellant contends that the trial court erroneously sentenced him to consecutive sentences because (1) the charges stemmed from the same transaction and (2) the court used "error information" by considering the fact that appellant was on community control, in an unrelated case, to enhance his sentence.
 {¶ 4} Before imposing consecutive sentences, a trial court must, on the record at the sentencing hearing, "make its statutorily enumerated findings and give reasons supporting those findings * * *." State v. Comer (2003), 99 Ohio St.3d 463. The record in this case does not contain a transcript of the sentencing hearing; the burden of providing this transcript is on appellant. See App.R. 9(B). When portions of the transcript necessary for the resolution of assigned errors are omitted from the record on appeal, the court has no choice but to presume the validity of the trial court's proceedings. Columbus v. Hodge
(1987), 37 Ohio App.3d 68. Accordingly, based upon this fact alone we may summarily reject appellant's assignment of error.
 {¶ 5} Even a cursory review of appellant's arguments, after a review of the record before us, shows them to be fallacious. First, appellant contends that the charges arose from the same transaction. The record demonstrates that while the assault and failure to comply occurred close in time, they were separate and distinct acts.
 {¶ 6} Appellant next cites to R.C. 2929.51, which permits a sentencing court to suspend all or part of a sentence in cases where imprisonment is imposed for a misdemeanor. Here, appellant was convicted of two fourth-degree felonies; R.C. 2929.51 is inapplicable.
 {¶ 7} Finally, appellant contends that the court erroneously used the fact that he was on probation in an unrelated case to enhance his sentence. Upon review of the record, which includes the presentence investigation report, we find that appellant was, in fact, under community control at the time of the crimes. Thus, under R.C. 2929.13(B)(1)(h) and 2929.14(E)(4)(a), the court properly considered this fact when sentencing appellant.
 {¶ 8} Based on the foregoing, we find that appellant's assignment of error is not well-taken and is therefore denied.
 {¶ 9} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding, and the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
Judgment Affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.