DECISION
{¶ 1} Plaintiff-appellee, National Debit Corporation, filed an action seeking damages based on breach of contract by defendant-appellant, Trump Travel, Inc. ("Trump Travel") and defendant-appellant, Tarrah R. Dudley, on the basis that she personally guaranteed the debt owed by Trump Travel. Trump Travel was an Ohio corporation which brokered vacation and business condominium accommodations at over 3,600 resort destinations but operated for less than a year. Appellee acted as an intermediary between new small businesses and national banks to process credit card charges. Appellee claimed Trump Travel owed money based upon charge-backs, legal *Page 2 
fees, processing fees and the flat bank fee per charge-back amounting to a total of $61,657.50, plus interest and costs. Dudley filed a counterclaim.
 {¶ 2} After a trial which Dudley did not attend, the trial court disallowed $14,500 based on Exhibit 31 and the corresponding processing fees. The trial court found that appellee had proven Trump Travel owed $35,304.64, plus prejudgment interest, and ordered that amount due from Trump Travel and Dudley, jointly and severally. Dudley's counterclaim was denied since no evidence was presented. Dudley filed a Civ.R. 60(B) motion, which was denied.
 {¶ 3} Dudley filed a notice of appeal and raises the following assignments of error:
 I. Judge Frye ERRED by not considering and ruling favorably on Defendant's November 13, 2006 Motion to Exclude Plaintiff's invoice evidence (Exhibit 31) because said exhibit DID NOT COMPLY with Judge Frye's October 25, 2006 Court Order.
 II. On October 25, 2006 Judge Frye denied Defendant's Motion to Compel and replaced Defendant's Motion with a very concise, strong worded Court Order. Said Order firmly commended Plaintiff to produce Defendant's Discovery by November 13, 2006 at 5:00 P.M. or Plaintiff's evidence would be excluded at trial. Judge Frye ERRED when he allowed Plaintiff's Exhibit 31 be entered into evidence at trial and then considered part of said exhibit to grant Plaintiff's partial relief.
 III. Judge Frye ERRED and abused his discretion by granting Plaintiffs ANY RELIEF from Exhibit 31 because Exhibit 31 DID NOT COMPLY with the Judge's Court Order. Plaintiffs remained in violation of O.R.C. 37 by not providing Defendant with the Discovery requested. The only interpretation civil minds can conclude from said Court Order is; Said Order replaced Defendant's Motion to Compel and acted as an imposition of a sanction for Plaintiffs to Comply, or said evidence would be EXCLUDED AT TRIAL. *Page 3 
 IV. Judge Frye ERRED in the calculation of the dollar amount granted to Plaintiffs in the Final Bench Trial Judgment Order. Plaintiffs were unjustly enriched $13,338.00.
 {¶ 4} Dudley failed to file a trial transcript arguing that it is not necessary for a determination of the assignments of error. Dudley claims that the trial court erred in admitting Exhibit 31 at trial because Exhibit 31 did not comply with its October 30, 2006 ruling requiring detailed account information. Dudley further contends that the trial court erred in its mathematical calculation in reaching the judgment.
 {¶ 5} Although Dudley failed to file a transcript, the trial court filed a lengthy decision. From that decision it is clear the trial court concluded that some portions of Exhibit 31 did not comply with its earlier ruling, disregarded those portions of the exhibit, and made no award of damages based on the non-complying portions of the exhibit. The facts as found by the trial court support its decision as to liability and damages.
 {¶ 6} Without a transcript, we must presume the regularity of the trial court proceedings and affirm. "The duty to provide a transcript for appellate review falls upon the appellant. This is so because an appellant bears the burden of showing error by reference to the matters in the record." Columbus v. Hodge (1987), 37 Ohio App.3d 68.
 {¶ 7} In this case, we cannot determine whether Exhibit 31 complies with earlier court rulings because Exhibit 31 is not part of the appellate court record since we do not have a trial transcript. Further, we cannot determine whether the amount of the award is correct since there is no record. Dudley has not demonstrated error by the trial court and her assignments of error are not well-taken. *Page 4 
 {¶ 8} For the foregoing reasons, Dudley's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 FRENCH and TYACK, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1