[Cite as *Kinderdine v. Alleman*, 2016-Ohio-5481.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| TRACY KINDERDINE, et al. | ) | |
| | ) | |
| PLAINTIFF-APPELLANTS | ) | |
| | ) | CASE NO. 2014 MA 0177 |
| VS. | ) | |
| | ) | OPINION |
| BREANNA ALLEMAN | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANT-APPELLEE | ) | |

CHARACTER OF PROCEEDINGS:     Motion for Reconsideration

JUDGMENT:     Denied.

JUDGES:

Hon. Mary DeGenaro
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated: August 19, 2016

APPEARANCES:

For Plaintiff-Appellants

Attorney W. Craig Bashein
Attorney Anthony N. Palombo
BASHEIN & BASHEIN CO., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Attorney Paul Flowers
PAUL W. FLOWERS CO., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, Ohio 44113

Attorney Thomas J. Wilson
COMSTOCK, SPRINGER & WILSON CO.,
L.P.A.
100 Federal Plaza East, Suite 926
Youngstown, Ohio 44503-1811

For Defendant-Appellee

Attorney Joseph M. Ruscak
ROETZEL & ANDRESS, L.P.A.
222 South Main Street
Akron, Ohio 44308

Attorney Matthew John Markling
Attorney Patrick Vrobel
Attorney Sean Koran
McGOWN & MARKLING CO., L.P.A.
1894 North Cleveland-Massillon Road
Akron, Ohio 44333

PER CURIAM.

**{¶1}** Tracy Kinderdine, et al., Plaintiff-Appellants, filed a motion for reconsideration in the appeal of *Kinderdine et al., v. Breanna Alleman*, 7th Dist. No. 14 MA 0174, 0177, 0180, 0181, 2016-Ohio-4815.

**{¶2}** "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus.

**{¶3}** The purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst. Inc.*, 7th Dist. No. 04 MA 0245, 2005–Ohio–3828, ¶ 2. "An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision." *Hampton v. Ahmed*, 7th Dist. No. 02 BE 0066, 2005–Ohio–1766, ¶ 16 (internal citation omitted). Nor is it "a mechanism to raise an entirely new argument and issue to the appellate court that was not raised in the appellate brief." *State v. Wellington*, 7th Dist. No. 14 MA 0115, 2015-Ohio-2095, ¶ 9.

**{¶4}** The Kinderdines allege that this Court failed to apply the correct standard for reviewing a judgment on the pleadings. We held:

> In light of the disposition of our resolution of the Kinderdines' appeal of the trial court's grant of summary judgment in favor of Callos, the merits of this appeal are moot. App.R. 12(B). The Kinderdines asserted in their complaint against Alleman that she was acting within the scope of her employment. As Alleman was an employee of ESC, pursuant to the loan servant doctrine, she is immune from liability pursuant to R.C. 2744.03(A)(5). Further, the Kinderdines have failed to meet their burden of proof, making conclusory allegations rather than alleging operative facts demonstrating that Alleman acted in a willful,

wanton or reckless manner.  R.C. 2744.03(A)(6)(b).

*Kinderdine*, ¶ 34

**{¶5}**   The Kinderdines' arguments regarding Alleman's liability were fully considered by this Court prior to ruling on the matter. The Kinderdines' motion for reconsideration does not call to the attention of the court an obvious error, but merely a disagreement with the decision reached by the Court. Accordingly, the Kinderdines' motion for reconsideration is denied.

DeGenaro, J., concurs.

Waite, J., concurs.

Robb, J., concurs.