[Cite as *Gentile v. Turkoly*, 2017-Ohio-2959.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RICHARD D. GENTILE, M.D, | ) | CASE NO. 16 MA 0071 |
| | ) | |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| VS. | ) | OPINION AND |
| | ) | JUDGMENT ENTRY |
| KELLY TURKOLY, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:     Application for Reconsideration

JUDGMENT:     Denied.

APPEARANCES:
For Plaintiff-Appellant:

Atty. Christopher P. Lacich
Roth, Blair, Roberts, Strasfeld & Lodge,
L.P.A.
100 East Federal Street, Suite 600
Youngstown, Ohio  44503

For Defendant-Appellee:

Atty. Christopher J. Regan
Atty. J. Zachary Zatezalo
Bordas & Bordas, LLC
1358 National Road
Wheeling, WV 26003

JUDGES:
Hon. Carol Ann Robb
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  May 15, 2017

PER CURIAM.

{¶1} Appellant has timely filed a joint application for en banc consideration and reconsideration of this appeal. Appellee timely opposed the applications.

This opinion will address Appellant's application for reconsideration. The application for en banc consideration will be addressed in a separate decision.

{¶2} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (1987), paragraph one of the syllabus. An application for reconsideration may not be utilized where a party simply disagrees with the conclusion reached and the logic used by an appellate court. *Victory White Metal Co. v. N.P. Motel Syst.*, 7th Dist. No. 04MA245, 2005–Ohio–3828, ¶ 2; *Hampton v. Ahmed*, 7th Dist. No. 02BE66, 2005–Ohio–1766, ¶ 16.

{¶3} Appellant presents two arguments for reconsideration. First, he asks us to reconsider our holding that a trial court has the authority to sua sponte direct a verdict. His argument is based on the language of Civ.R. 50(A)(4) and our reliance on our decision in *City of Steubenville v. Schmidt*, 7th Dist. No. 01 JE 13, 2002-Ohio-6894.

{¶4} As to the language of Civ.R. 50(A)(4), Appellant presents the same arguments in the application for reconsideration that he did in his appellate brief. We fully considered those arguments and found they lacked merit. *Gentile v. Turkoly*, 7th Dist. No. 16 MA 0071, 2017-Ohio-1018, ¶ 16-19.

{¶5} We relied, in part, on *City of Steubenville* to hold a trial court can sua sponte direct a verdict under Civ.R. 50. *Id.* at ¶ 18. We cited *City of Steubenville*, restated its holding, cited to our sister districts holding the same proposition, and once again held a trial court has authority to sua sponte direct a verdict. *Id.* We acknowledge *City of Steubenville* involved a bench trial. Appellant contends in a bench trial a trial court is not supposed to employ Civ.R. 50, rather it is to use Civ.R.

41(B). Therefore, Appellant argues reliance on *City of Steubenville* is misplaced because the issue raised to us in that case was improperly framed.

**{¶6}** The Tenth Appellate District has held Civ.R. 50(A)(4), the rule for directed verdicts is inapplicable to nonjury trials and the appropriate rule to use for nonjury trials is Civ.R. 41(B). *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 7 (10th Dist.). On the basis of that decision, Appellant is correct; the issue raised in *City of Steubenville* was improperly framed. However, that does not render our affirmance of the trial court's decision in *City of Steubenville* incorrect. "There is no prejudice if a trial court erroneously applies the Civ.R. 50(A) standard for directed verdict instead of the standard for involuntary dismissal under Civ.R. 41(B)(2) because the directed verdict standard is much more rigorous than the involuntary dismissal standard. * * * Satisfaction of the Civ.R. 50(A) standard implies satisfaction of the Civ.R. 41(B)(2) standard." *In re C.C.S.*, 10th Dist. No. 14AP-739, 2016-Ohio-388, ¶ 33.

**{¶7}** Likewise, it does not render our holding that a trial court can sua sponte direct a verdict incorrect. We did not solely rely on *City of Steubenville* to reach our conclusion; we also relied on numerous decisions from other districts holding a trial court can sua sponte direct verdict. *Gentile*, 2017-Ohio-1018 at ¶ 18. Furthermore, Appellant admits all of the appellate districts asked to determine whether a trial court has the authority to sua sponte direct a verdict have found the trial court is permitted to direct a verdict sua sponte.

**{¶8}** Consequently, as to the issue of whether a trial court can sua sponte direct a verdict, the issue was fully considered and Appellant has not directed us to an obvious error. Rather, he merely disagrees with the conclusions we reached.

**{¶9}** The second basis for the application for reconsideration is we failed to consider the distinction between tortious interference with a business relationship and tortious interference with a contractual relationship. He contends we failed to consider or placed little consideration on the *Ginn v. Stonecreek Dental Care*, 12th Dist. No. CA2014-06-015, 2015-Ohio-1600, decision. *Ginn* held the main distinction between tortious interference with a contractual relationship and tortious interference

with a business relationship is the later includes intentional interference with a prospective contractual relation that has not yet been reduced to a contract. *Id.* Appellant contends he set forth the elements enough to survive summary judgment.

**{¶10}** Although *Ginn* is not cited in our opinion, we set forth and explained the differences between tortious interference with a business relationship and tortious interference with a contractual relationship. *Gentile*, 2017-Ohio-1018 at ¶ 24. We stated, "Tortious interference with a business relationship does not require the breach of contract, rather it is sufficient to prove that a third party does not enter into * * * a business relationship with the plaintiff." *Id.* This is synonymous to what was held in *Ginn.*

**{¶11}** Furthermore, we explained Appellant offered no evidence Appellee's act of writing a review on a website prevented third parties from entering into business with him. *Id.* at ¶ 31. Regardless, as explained in the opinion, even if Appellant had presented sufficient evidence of interference with a prospective business relation, he did not present sufficient evidence of the element of actual malice, which was required. *Id.* at ¶ 24, 35.

**{¶12}** Appellant's second basis for reconsideration lacks merit. His arguments do not call this court's attention to an obvious error or something we failed to fully consider. Rather, he merely disagrees with the conclusions we reached.

**{¶13}** The application for reconsideration is denied.


Robb, P.J. concurs.

Waite, J., concurs.

DeGenaro, J., concurs.