[Cite as *State v. Bailey*, 2026-Ohio-147.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANDRE KASHA BAILEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 MA 0046**

---

Application for Reconsideration

**BEFORE:**
Cheryl L. Waite, Mark A. Hanni, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Lynn Maro*, Mahoning County Prosecutor and *Atty. Kristie M. Weibling*, Assistant Prosecutor, for Plaintiff-Appellee

Andre Kasha Bailey, Pro se, Defendant-Appellant

Dated:  January 16, 2026

**PER CURIAM.**

{¶1}     Appellant Andre Kasha Bailey has filed an application for reconsideration of our Opinion in *State v. Bailey,* 2025-Ohio-5503 (7th Dist.).   He essentially repeats the same arguments, here, that he raised in his direct appeal.   As we have fully addressed those arguments in his direct appeal, Appellant's application for reconsideration is denied.

{¶2}     As the facts in this case were described in great detail within our Opinion, there is no need to fully recite those facts, here.   However, this matter stems from Appellant's convictions following his plan to rob the victim of a bag and its contents and murder him.   Appellant and his codefendants orchestrated and carried out their plan, which was mostly captured on Appellant's own security cameras.

{¶3}     The state has filed a motion to strike Appellant's memorandum in support of his application in its entirety, including a document that appears to be an addendum and that follows the signature page.   While we will not strike his actual argument section, which mostly abides by the appellate rules, we must strike everything that follows Appellant's signature page.   This addendum is clearly not part of Appellant's argument and does not comport with the appellate rules, thus is stricken and will not be considered.

{¶4}     App.R. 26(A)(1)(a) states, in relevant part: "[a]pplication for reconsideration of any cause or motion submitted on appeal shall be made in writing no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)."

{¶5}     Appellant's judgment was mailed to his counsel and a notation as to this mailing was placed on the docket on December 4, 2025.   While Appellant's application for reconsideration would normally have been due December 14, 2025, that date was a Sunday.   His instant application was filed on December 15, 2025, thus is timely.

Case No. 25 MA 0046

**{¶6}** "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist.1987), paragraph one of the syllabus.

**{¶7}** Appellant raises five proposed errors with our Opinion. Appellant takes issue with this Court's reliance on "speculation" as to actions that occurred off camera, the sufficiency of evidence pertaining to his robbery conviction, this Court's consideration of Appellant's conduct after completion of the murder, and unspecified inconsistencies that he believes led to his conviction. Each of these arguments, however, were raised on direct appeal. Each was thoroughly addressed at length in our Opinion. Appellant does not allege and has not shown that this Court failed to consider any of the "arguments" he presents to support any of the issues raised in his application for reconsideration, which consist of bare bone paragraphs of conclusory statements, some only one-line statements. Mere disagreement with the logic employed by the Court does not constitute grounds for an application for reconsideration. As such, Appellant's application for reconsideration is denied.


**JUDGE CHERYL L. WAITE**

**JUDGE MARK A. HANNI**

**JUDGE KATELYN DICKEY**


Case No. 25 MA 0046

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**