DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, following a guilty plea, in which the trial court found appellant, Laval D. Douglas, guilty of Harassment by an Inmate, a fifth degree felony, and sentenced him to one year of community control. On appeal, appellant sets forth the following assignment of error:
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "The trial court erred and abused its discretion by placing the defendant on intensive probation supervision, ordering drug and alcohol abuse treatment and counseling and ordering a curfew when, inter alia, the court informed the defendant at sentencing that a "more restrictive sanction" could only be imposed if the defendant violates the terms and conditions and when there was no finding that alcohol or drugs were related to the offense."
 {¶ 4} In December 2001, appellant became agitated when he was unable to use the telephone while he was being held in the Huron County Jail. When several officers tried to subdue appellant, appellant spit at them, hitting one officer in the face. As a result of the altercation, appellant was charged with Resisting Arrest and Harassment by Inmate.
 {¶ 5} On July 30, 2002, appellant entered a plea of guilty to one count of Harassment by an Inmate. The state agreed to drop the charge of resisting arrest. The trial court then accepted appellant's guilty plea and ordered a presentence investigation ("PSI") report.
 {¶ 6} On December 3, 2002, the trial court sentenced appellant to one year of community control under "intensive supervision," after stating that it had considered the factors set forth in R.C. 2929.12(B) and (C) as to whether appellant's conduct was more or less serious that conduct normally constituting the offense, the factors set forth in R.C.2929.12(D) and (E) as to whether or not appellant is likely to commit future crimes, and the factors set forth in R.C. 2929.13(B)(1) as to the nature of the offense.
 {¶ 7} As a condition of community control, the court ordered appellant to "obtain drug and/or alcohol abuse evaluation, treatment, and counseling, as specified by his Probation Officer;" and "have a curfew which is to be set by his Probation Officer." The court further stated that if appellant violated the terms of community control, he could be subjected to "a more restrictive form of Community Control or the Court can sentence [him] to prison" for up to 12 months. On December 24, 2002, appellant filed a timely notice of appeal.
 {¶ 8} Appellant asserts on appeal that the trial court abused its discretion by subjecting him to "intensive supervision" and requiring him to submit to an alcohol and/or drug assessment and treatment and a curfew. In support thereof, appellant argues that appellant argues that the sanction of alcohol and/or drug treatment is improper because the trial court did not make a finding that alcohol and/or drug abuse contributed to the offense with which he was charged. Appellant also argues that the trial court improperly delegated the power to set the terms of both his treatment and his curfew to the probation officer.
 {¶ 9} Generally, in sentencing a felony offender, the trial court has discretion to decide which community sanction to impose as part of an offender's sentence. See State v. Burton, 1st Dist. App. Nos. C-020014, C-020203, 2002-Ohio-6653. R.C. 2929.17 sets forth a list of non-residential sanctions, including "[a] term of intensive probation supervision" (R.C. 2929.17(E)); "[a] term of drug and alcohol use monitoring * * *" (R.C. 2929.17(H)); and "[a] curfew term" (R.C.2929.17(I)).
 {¶ 10} Appellant has not provided a transcript of the trial court's proceedings for our review. Accordingly, we must presume the validity of the lower court's proceedings as to the resolution of those issues for which portions of the transcript are necessary. State v. Hodge (1987),37 Ohio App.3d 68, citing Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197.
 {¶ 11} A review of the available portions of the record that are relevant to the issues raised by appellant reveals the following. On November 20, 2002, a PSI report was filed by parole officer Melanie Craig, in which she stated that appellant regularly smokes marijuana, and he considers marijuana to be "medicinal and not an illegal drug." At the conclusion of the report, Craig recommended that non-residential sanctions be imposed on appellant, and that he receive "intensive supervision" and "attend and complete substance abuse treatment if necessary."
 {¶ 12} The record also shows that the relevant terms of appellant's written plea agreement are as follows:
 {¶ 13} "Community Control. If this Court is not required by law to impose a prison sanction, it may impose community control sanctions or non-prison sanctions upon me. * * *
 {¶ 14} "I understand the nature of these charges and the possible defense I might have. * * * No promises have been made except as part of this plea agreement stated entirely as follows: The Defendant will plead Guilty to Count I charging Harassment By Inmate contrary to Ohio Revised Code Section 2921.38(A), a felony of the fifth degree. The State of Ohio agrees to dismiss the Resisting Arrest charge. Further more, the Stateand Defendant will recommend that Defendant receive community control with an emphasis on treatment. * * *" (Emphasis added.)
 {¶ 15} Pursuant to R.C. 2929.12(D), the trial court shall consider all relevant factors before sentencing an offender, including whether "[t]he offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse." R.C. 2929.12(D)(4). In this case, the judgment entry of sentencing states that the trial court considered that appellant "has an alcohol and drug abuse pattern and the offender does not acknowledge pattern or refuses treatment."
 {¶ 16} Upon consideration of the foregoing, we cannot say that the trial court abused its discretion by placing appellant under intensive supervision or by ordering him to submit to treatment as a condition of his community control.
 {¶ 17} As to whether the trial court improperly delegated responsibility for setting appellant's curfew and terms of treatment to his probation officer, this court has previously stated that the delegation of such decisions is not per se improper, since a probation officer remains subject to the ultimate supervision of the trial court. See State v. Vandersall, (Dec. 11, 1998), Wood Co. App. No. WD-97-116. Accordingly, the trial court did not abuse its discretion by allowing appellant's probation officer to initially assess appellant and recommend the terms of his treatment and curfew.
 {¶ 18} Appellant's assignment of error is not well-taken. The judgment of the Huron County Court of Common Pleas is affirmed. Court costs of these proceedings are assessed to appellant.
Judgment Affirmed.
Peter M. Handwork, P.J., Richard W. Knepper, J. and Arlene Singer, J., concur.