OPINION
{¶ 1} Patti Ann Gillaugh, pro se, is appealing from an order of the Common Pleas Court of Greene County, Ohio, Domestic Relations Division, which modified the parenting time schedule previously ordered by the court for a minor male child between the mother, Patti, and the father, Robert, the appellee in this cause. The parties were divorced in 1999 and they have had a very contentious time since then over both custody and visitation, as well as support. The present matter was initiated by the defendant, Robert, in 2001, who then filed a motion to modify custody. The original decree of divorce granted custody to Patti, but Robert in his motion alleged changed circumstances and asked the court to name him as the primary residential parent. After a hearing, the court did modify the "parenting time schedule," as the court referred to it with the following portion of the entry:
 {¶ 2} "This matter is before the Court for hearing on August 12, 2003, pursuant to the Motion to Modify Custody filed May 11, 2001, and amended on March 12, 2003. Present in Court were attorney Kenneth R. Sheets on behalf of the Defendant Robert Gillaugh and attorney Roger Lee on behalf of the Plaintiff Patti Ann Gillaugh.
 {¶ 3} "Pursuant to the evidence and testimony presented in this case, as well as the child interview conducted, the Court finds that the parenting time schedule previously Ordered in this case shall be modified. IT IS THE ORDER OF THE COURT that the minor child Joshua shall reside with the Plaintiff Patti Ann Gillaugh from the Friday following the last day of school for summer and continuing until one week before school starts in the fall. Each party shall have the opportunity to take the minor child on a 2 week visitation if they are actually going out of town on a vacation. The Defendant shall give notice to the Plaintiff by May 15th of each year of his intent to exercise that summer vacation. The Plaintiff shall then notify the Defendant of her intent to exercise a summer vacation as stated above by June 1st of each year. Each party shall have alternating weekend visitation with the minor child when they are not the residential parent. The parties shall continue to alternate holidays pursuant to the Court's Standard Order of Visitation with the father being considered for purposes of determining what holiday is his the residential parent.
 {¶ 4} "IT IS THE FURTHER ORDER OF THE COURT that each party shall be entitled to reasonable phone contact with the minor child during those times when the child is residing with the other parent."
 {¶ 5} The court referred the issue of child support and possible arrearage to a magistrate for a hearing at a later date. Patti is not appealing from any later decision by the magistrate.
 {¶ 6} Although apparently Patti was represented by counsel for the hearing, she elected to pursue this appeal on a pro se basis and filed as her "brief" a two-page signed letter asking this court to "take immediate action to remedy the modification in question" and in five numbered paragraphs thereafter she specifies her arguments against the court ordered modification of the divorced parties' parenting time over the child in question. However, she presents no assignments of error and seems to be arguing that the court should not have given residential parenting time to the fatherdefendant/appellee because of his current mental stability and evidence of a previous history of violence and drug abuse by the defendant. She even complains about the support issue even though that is not on appeal.
 {¶ 7} The appellee's counsel had a difficult time analyzing her complaints and urges that we not even consider the appeal because her brief is extremely confusing, and she has not presented any "identifiable assignment of error" for the court's consideration. He cites Karmasu v. Tate (1992),83 Ohio App.3d 199,206
for the proposition that an appellate court should not "conjure up questions never squarely asked or construct full-blown claims from convoluted reasoning."
 {¶ 8} We believe the appellee has raised a good point, but the appellant's appeal will fail for a more fundamental reason. The reason is that the appellant did not file a transcript of the motion hearing, but instead filed with her notice of appeal a statement that "according to App.R. 9(C) no record should be required," and she submitted a statement and copies of certain evidentiary matters which she claims to be relying upon. She included with this document a copy of App.R. 9(C) and highlighted "(C) statement of the evidence or proceedings . . . the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection." She conveniently failed to note that this 9(C) statement of evidence of proceedings can only be filed when no report was made or when the transcript is unavailable. There is no evidence the transcript was not made or that it is unavailable. Furthermore, she ignores the balance of that subparagraph of the rules which states that the statement prepared by the appellant must be served on the appellee in a certain decreed time who may raise objections and that the statement and any objections or proposed amendments must be submitted to the trial court for a settlement and approval before we can consider it on appeal. That was obviously not done in this case.
 {¶ 9} When an appellate court is not presented with a transcript or any other substitute therefore under the rules, the reviewing court has nothing to pass upon and thus the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 15 O.O.3d 218; Farmers Production CreditAssn. of Ashland v. Stoll (1987), 37 Ohio App. 76; Columbus v.Hodge (1987), 37 Ohio App.3d 68.
 {¶ 10} Following fixed and universally applied precedent, therefore, we must presume the validity of the trial court's proceedings and overrule any possible assignments of error that can be gleaned from the appellant's "brief." Judgment will be affirmed.
Fain, P.J. and Brogan, J., concur.