OPINION
{¶ 1} Defendant, James R. Short, was involved in a motor vehicle accident in the Village of Versailles on April 17, 2005. He was subsequently charged by citation with three offenses: operating a motor vehicle while under the influence of alcohol ("OMVI"), R.C. 4511.19(A)(1)(a) and (A)(1)(f); failure to stop after an accident, R.C. 4549.02(A); reckless operation, R.C.4511.20(A); and failure to control, R.C. 4511.202(A). The charges were filed in the Darke County Municipal Court.
 {¶ 2} At a pretrial conference on May 18, 2005, Defendant agreed to plead guilty to OMVI in violation of R.C.4511.19(A)(1)(a), in exchange for a dismissal of the other charges. Defendant's counsel indicated that he would submit written plea of guilty to the court reflecting the plea agreement. When that entry was not received, the trial court issued an order on June 23, 2005, setting the case for trial on July 27, 2005. The court indicated, however, that if the anticipated plea entry was received before the trial date, the trial would be vacated.
 {¶ 3} On July 14, 2005, Defendant's counsel filed an entry containing the plea agreement, Defendant's guilty plea and the waiver of his constitutional and other trial related rights. The entry was signed by all parties.
 {¶ 4} The trial court accepted Defendant's guilty plea and found him guilty of OMVI in violation of R.C. 4511.19(A)(1)(a). The court sentenced Defendant to ninety days in jail, with eighty-seven days suspended, a five hundred dollar fine, plus a six month driver's license suspension.
 {¶ 5} Defendant timely appealed to this court from his conviction and sentence.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS ATTORNEY FILED THE PLEA AGREEMENT PRIOR TO JULY 27, 2005."
SECOND ASSIGNMENT OF ERROR
 {¶ 7} "APPELLANT'S PLEA WAS NOT KNOWING ND VOLUNTARY AND WAS CONTRARY TO HIS RIGHT OF DUE PROCESS OF LAW GUARANTEED UNDER THEFOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE CONSTITUTION OF THE STATE OF OHIO."
THIRD ASSIGNMENT OF ERROR
 {¶ 8} "APPELLANT'S WAIVER OF HIS CONSTITUTIONAL STATUTORY, AND FUNDAMENTAL RIGHTS WAS NOT KNOWING AND VOLUNTARY."
 {¶ 9} Defendant argues that he did not knowingly and voluntarily enter his guilty plea or waive his constitutional and other trial related rights and that his trial counsel performed in a constitutionally deficient manner by filing his guilty plea. These contentions are premised upon the same claim: that when Defendant signed his written guilty plea and the plea agreement he did so with the understanding that his counsel would wait until July 27, 2005, to file the plea, as Defendant specifically requested. By that time the speedy trial time limits would have expired and Defendant would be entitled to a discharge on the offenses alleged. R.C. 2945.73(B). Contrary to Defendant's specific instructions, his counsel filed the written guilty plea on July 14, 2005, before the statutory speedy trial time elapsed.
 {¶ 10} There is nothing in the record which demonstrates the factual premise upon which Defendant's claimed errors are based: that he instructed his trial counsel to not file the written plea of guilty that he signed until July 27, 2005. In that regard, we note that there is no affidavit from either trial counsel or Defendant to support this contention, and no record of the plea proceeding. The clerk's App.R. 11(B) notification indicates that no transcript was requested. In deciding Defendant's appeal we cannot consider any matter that was not a part of the record of the trial court's proceedings. State v. Ismail (1978),54 Ohio St.2d 402. It is well-settled that the duty to provide a record that exemplifies the claimed errors on appeal falls upon Appellant. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197; Hartt v. Munobe, 67 Ohio St.3d 3, 1993-Ohio-177; Columbusv. Hodge (1987), 37 Ohio App.3d 68; App.R. 9.
 {¶ 11} In any event, we could not find that Defendant was prejudiced by his attorney's alleged failure to follow instructions. Whenever the guilty plea was filed, it would waive Defendant's right to a trial, rendering moot any error in denying his speedy trial rights. Further, the statutory speedy trial time is tolled during "[a]ny period of delay occasioned by the neglect or improper act of the accused." R.C. 2945.72(D). Having agreed to enter a guilty plea, Defendant would have acted improperly in directing his attorney to delay filing a written change of plea until his speedy trial time subsequently expired. The resulting extension of his speedy trial time, until the plea was filed, would have denied him the benefit he sought. Further, as an officer of the court, Defendant's attorney would have acted improperly had he cooperated in Defendant's ploy.
 {¶ 12} The assignments of error are overruled. The judgment of the trial court will be affirmed.
Brogan, J. And Donovan, J., concur.