[Cite as *Hills & Hollers v. Ohio Gatherings Co.*, 2018-Ohio-3425.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

HILLS AND HOLLERS, LLC,

Plaintiff-Appellant,

v.

OHIO GATHERING COMPANY, LLC,

Defendant-Appellee.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 17 BE 0040

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Application for Reconsideration Denied.

---

*Atty. Jerome W. Cook*, *Atty. Michael J. Meyer*, Benesch, Friedlander, Coplan & Aronoff LLP 200 Public Square, Suite 2300, Cleveland, Ohio 44114 for Plaintiff-Appellant and

*Atty. Kevin L. Colosimo*, *Atty. Christopher W. Rogers*, *Atty. Daniel P. Craig*, Frost Brown Todd LLC, Union Trust Building, 501 Grant Street, Suite 800 Pittsburgh, Pennsylvania, 15219, for Defendant Appellee.

**Dated: August 23, 2018**

**PER CURIAM.**

{¶1}   Plaintiff-Appellant Hills and Hollers, LLC has filed a timely application to reconsider the judgment rendered by this court on July 2, 2018. *See Hills and Hollers, LLC v. Ohio Gathering Co., LLC*, 7th Dist. No. 17 BE 0040, 2018-Ohio-2814. In the first assignment of error on appeal, Appellant argued that even after it conveyed the property subject to the pipeline easement and right of way agreement, it remained entitled to benefit from a clause in the agreement which said Appellee "shall be responsible for all other taxes, charges, and market enhancements charged to the flow of gas or liquids from the [named] well pad." (Hereinafter, this clause is called the "charges to the flow of gas" clause.) Believing the trial court applied a merger doctrine, Appellant urged the application of an exception to the doctrine for independent and collateral clauses. Appellant concluded the conveyance of the property to Gulfport did not extinguish its right to continue to benefit from the clause as Appellant reserved the mineral rights. We disagreed and affirmed summary judgment, holding Appellant's conveyance of the property burdened by the pipeline right of way and easement eliminated its right thereafter to enforce the "charges to the flow of gas" clause in the right of way agreement.

{¶2}   In the second assignment of error, a brief argument was set forth as to whether a release, filed by Appellee after Appellant's conveyance to Gulfport, could be used to stop the effectiveness of the "charges to the flow of gas" clause. We found the issue moot. The particular argument within the second assignment of error related to the effect of Appellee's release on the "charges to the flow of gas" clause was unnecessary to address since the release occurred after Appellant's conveyance of the property.

{¶3}   Appellant's application for reconsideration contends this court committed an obvious error by failing to recognize that the trial court applied the merger doctrine. Appellant believes there was no other reason for the trial court to rule that the "charges to the flow of gas" clause was not an independent and collateral covenant. Appellant complains the trial court did not make factual findings in granting summary judgment

Case No. 17 BE 0040

and states it would have been fairer if this court had remanded for findings of fact. Appellant also states summary judgment should not have been rendered on some portions of certain counts, claiming they did not necessarily depend on the resolution of the issue with the "charges to the flow of gas" clause. Appellee responds that Appellant's application is simply rehashing prior arguments and expressing mere disagreement with our holding or is outlining arguments about items not raised in the appellate briefs.

{¶4} "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *McAuley v. Brooker*, 7th Dist. No. 17 NO 0445, 2018-Ohio-449, ¶ 2, quoting *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus. The purpose of reconsideration is not to grant a second appeal or to provide a means to express dissatisfaction with the logic used and conclusions reached by an appellate court. *See McAuley,* 7th Dist. No. 17 NO 0445 at ¶ 3. It is also not a mechanism to raise a new argument and issue to the appellate court that was not raised in the appellate brief. *State v. Wellington*, 7th Dist. No. 14 MA 115, 2015-Ohio-2095, ¶ 9, citing *East Liverpool v. Columbiana Cty. Budget Comm.*, 116 Ohio St.3d 1201, 2007-Ohio-5505, 876 N.E.2d 575, ¶ 3 (deeming an argument that was not raised on appeal to be abandoned for purposes of a reconsideration application).

{¶5} We fully addressed Appellant's contentions as to the merger doctrine. We suggested how the trial court's finding that a clause is not independent of the agreement and land ownership could have significance outside of a merger by deed theory. The merger theory was what Appellant was construing Appellee's argument to be (in fact or in effect). We note a trial court can make alternative findings, and, a trial court is not required to explain the doctrine related to each legal conclusion it makes or to issue findings of fact in granting summary judgment. Nor does this court remand for findings of fact on a summary judgment motion.

{¶6} Our opinion addressed the arguments if they were both raised below at the summary judgment stage and maintained on appeal as pertinent. Parties often set

forth multiple claims within various counts in a complaint but eventually only appeal the dismissal of certain parts of a count. We are not required to thresh out items in a complaint that were not raised at the summary judgment stage and/or were not specified in the appeal as withstanding the legal arguments in the summary judgment motion.

{¶7} For instance, the application for reconsideration states the part of the count seeking declaratory relief should survive summary judgment, regardless of the "charges to the flow of gas" clause because the complaint referred not only to the right to enforce the "charges to the flow of gas" clause but also referred to the right to the payment if a second pipeline was constructed. However, the text of both Appellant's assignments of error expressly addressed only the "charges to the flow of gas" clause; the same is true of the text of the issue presented under each assignment of error. Likewise, the conclusion of Appellant's brief summarized the argument as being the trial court erred in concluding Appellant's right to enforce the "charges to the flow of gas" clause was extinguished.

{¶8} We recognize under the first assignment of error (which was an assignment of error expressly said to relate to the "charges to the flow of gas" clause), Appellant noted it preserved its right to receive payment for a second pipeline during the sale to Gulfport. However, this was contesting an argument Appellee *initially* made below (before discovery was provided); Appellant used this as an example of how Appellee failed to recognize how a purchase agreement can except certain covenants from merger. Appellant failed to recognize on appeal that Appellee agreed in the trial court that the preservation in the Gulfport purchase agreement did not merge into the deed to Gulfport. We addressed this in footnote 6. There was no holding that, by selling to Gulfport, Appellant conveyed away its right to any future payment for a second pipeline. In the paragraph of Appellant's brief referring to the payment for the second pipeline, Appellant did not mention an error of the trial court in not issuing a declaration on a potential right to a payment if a second pipeline is constructed.

{¶9} Under the second assignment of error (also expressly said to relate to the "charges to the flow of gas" clause), Appellant briefly discussed the effect of the release filed by Appellee. Neither the text nor the body of the assignment of error contain a

Case No. 17 BE 0040

discernible argument regarding the right to any future payment made by Appellee for a second pipeline on the property being conveyed to Gulfport as a result of the purchase agreement between Appellant and Gulfport. The only clause discussed under the second assignment of error was the "charges to the flow of gas" clause. As we stated at ¶ 58 of our opinion, Appellant did not dispute Appellee's ability to record a release, which was permitted under the express terms of the agreement, but rather argued the "charges to the flow of gas" clause could not be released because it was an independent and collateral covenant that did not depend on the continuing existence of the right of way agreement. A similar argument was not particularized as to the clause containing the second pipeline payment. Although Appellant generally said it incorporated its prior arguments into the second assignment of error, this did not divulge an intent for this court to address whether the trial court should have declared Appellant potentially had the right to a direct payment from Appellee if another pipeline is constructed in the future, especially where the text of the assignment and issue presented refer only to "charges to the flow of gas" clause. Notably: a second pipeline was not constructed; a pipeline construction payment was therefore not due to Gulfport or Appellant; the retained right to the payment upon the construction of a second pipeline was contained in a purchase agreement between Appellant and Gulfport; and Gulfport was not joined as a party in this case.

{¶10} In summary, the application for reconsideration filed herein does not describe an overlooked issue that was specified in the prior briefing. We do not perceive an obvious error in our decision, and we maintain our decision as a legally supportable decision rendered on the arguments and the evidence presented at the summary judgment stage and maintained on appeal. The application for reconsideration is hereby denied.

**PRESIDING JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

Case No. 17 BE 0040

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**