[Cite as *State v. Henderson*, 2019-Ohio-130.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

HAKEEM HENDERSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 MA 0057**

---

Application for Reconsideration; Application for En Banc Consideration

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Kathleen Bartlett, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Atty. Paul J. Gains*, Mahoning County Prosecutor, *Atty. Ralph M. Rivera*, Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Rhys B. Cartwright-Jones*, 42 N. Phelps St, Youngstown, OH 44503 for Defendant-Appellant.

**Dated:  January 11, 2019**

**PER CURIAM.**

{¶1}  For the following reasons, this court hereby denies Defendant-Appellant Hakeem Henderson's application for reconsideration and his request for en banc consideration.

{¶2}  Appellant was convicted in the Mahoning County Common Pleas Court of engaging in a pattern of corrupt activity and two counts of aggravated murder.  On appeal, one of Appellant's assignments of error contended the trial court erred in admitting the hearsay statement of a witness under the forfeiture by wrongdoing exception to the confrontation clause, arguing nothing implicated Appellant in wrongdoing with regards to the witness.  We overruled Appellant's argument and affirmed his conviction on November 30, 2018.  *State v. Henderson,* 7th Dist. No. 16 MA 0057, 2018-Ohio-5124. The clerk noted service of our judgment on the docket on December 6, 2018.

{¶3}  Appellant filed this timely application for reconsideration on Monday, December 17, 2018.  *See* App.R. 26(A)(1)(a) (no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing).  The same requirements apply to an application for en banc consideration.  App.R. 26(A)(2)(c).  "The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been."  *Hills & Hollers, LLC v. Ohio Gathering Co., LLC*, 7th Dist. No. 17 BE 0040, 2018-Ohio-3425, ¶ 4, quoting *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.  Reconsideration is not a second appeal or a mechanism to raise a new argument.  *Hills & Hollers,* 7th Dist No. 17 BE 0040 at ¶ 4.  We need not re-explain our decision where the defendant is merely using the application as a means to express dissatisfaction with the logic used and conclusions reached in the appellate decision.  *See id.*

Case No. 16 MA 0057

{¶4} When a party makes an application for en banc consideration, the party "must explain how the panel's decision conflicts with a prior panel's decision on a dispositive issue and why consideration by the court en banc is necessary to secure and maintain uniformity of the court's decisions." App.R. 26(A)(2)(b). If it is determined that two of the court's decisions conflict, a majority of the en banc court may order the proceeding be considered en banc. App.R. 26(A)(2)(a). However, "Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed." App.R. 26(A)(2)(a).

{¶5} Appellant's application for reconsideration argues the forfeiture by wrongdoing exception to the confrontation clause requires some evidence of a defendant's knowing participation in an alleged conspiracy to prevent a witness from testifying and there was no proof of his collusion in procuring the witness's absence. He states en banc reconsideration is appropriate based on a perceived conflict with ¶ 18 of this court's *Irwin* case. However, there is no conflict.

{¶6} In *Irwin*, the victim was dying of a disease when the defendant assaulted him; the court allowed the victim's testimony to be preserved via deposition where the defendant's attorney was present for cross-examination; the victim died before the defendant's felonious assault trial; and the deposition transcript was read to the jury at trial. *State v. Irwin*, 7th Dist. No. 06 MA 20, 2007-Ohio-4996. On appeal, the defendant raised a confrontation issue with regards to the leading questions asked at deposition by the state and the inability to cross-examine the court reporter who took the deposition. *Id.* at ¶ 9, 11, 19. We overruled these arguments. *Id.* at ¶ 23. We also noted the defendant's trial attorney objected to the deposition on the grounds that he was not able to meaningfully question the victim at deposition due to the victim's condition. Although this argument was not raised on appeal, this court pointed out a defendant forfeits his confrontation right where his "own misconduct is responsible for the witness's unavailability." *Id.* at ¶ 18 (pointing out the defendant's conduct was said to have contributed to the victim's deterioration).

{¶7} Initially, we note the topic was dicta in that case. (We also note that case did not analyze the element requiring intent to procure the witness's unavailability at

trial.) In any event, *Irwin* and the case at bar have wholly distinguishable facts. There is no conflict between them. Irwin did not involve a threat conveyed to a witness and attributed to a jailed defendant. The cited statement in *Irwin* set forth the general gist of the forfeiture by wrongdoing exception and mentioned it was preserved by the United States Supreme Court's *Crawford* case. It was not a statement requiring the defendant to personally approach the witness. The same rule was applied to the specific and distinct facts in Appellant's case, and more specific law relevant to the specific facts was set forth.

{¶8} As pointed out while affirming Appellant's conviction, the wrongful procurement of the witness's absence need not consist of a criminal act. *Henderson* at ¶ 21. Since threats, intimidation, bribery, and encouragement to flee the jurisdiction can satisfy the exception, the wrongdoing need not consist of a physical act (as happened to be the factual situation in *Irwin*). *See id.* at ¶ 21. The defendant need not have direct contact with the witness. *Id.* at ¶ 24. The elements of the test, to "seek to undermine the judicial process by procuring or coercing silence from witnesses" as set forth by the United States Supreme Court, do not require the defendant himself to be the one who personally contacts the witness. *Id.*, quoting *Davis v. Washington*, 547 U.S. 813, 833, 126 S.Ct. 2266, 165 L.Ed.2d 224 (2006), and *Giles v. California*, 554 U.S. 353, 361, 128 S.Ct. 2678, 171 L.Ed.2d 488 (2008) (discussing the situation where the defendant uses an intermediary for the purpose of making the witness absent).

{¶9} We specifically concluded that a defendant's intentional procuring of a witness's availability from trial may be performed by others acting on his behalf. *Henderson* at ¶ 24, citing *Rice v. Marshall*, 709 F.2d 110, 1104 (6th Cir.1983). There was no obvious error in our recitation of the law, which we then applied. Contrary to Appellant's suggestion we than analyzed his case to determine whether there was adequate evidence showing *Appellant* intentionally procured the witness's unavailability.

{¶10} Appellant next contends there was insufficient evidence that the witness was threatened and by whom or that Appellant participated in procuring the witness's absence. Appellant initially alleges there was no attempt to bring the witness to an in chambers hearing to specify why he was afraid to testify. Yet, there was a plethora of

evidence presented as to how various individuals attempted to locate and communicate with the witness, and the issue was not raised on appeal.

**{¶11}** Appellant also criticizes the use of hearsay in proving the wrongdoing and the witness's fear to the trial court. However, the rules of evidence do not apply at hearings to determine the admissibility of evidence. *See* Evid.R. 104(A) (preliminary questions concerning the admissibility of evidence shall be determined by the court who is not bound by the rules of evidence, except those on privilege); Evid.R. 101(C)(1). *See also United States v. Matlock*, 415 U.S. 164, 172–73, 94 S.Ct. 988, 994, 39 L.Ed.2d 242 (1974) (as to hearsay at a suppression hearing, the Court held "the rules of evidence normally applicable in criminal trials do not operate with full force at hearings before the judge to determine the admissibility of evidence"); *State v. Ash*, 7th Dist. No. 16 MO 0002, 2018-Ohio-1139, 108 N.E.3d 1115, ¶ 88 (in determining the defendant's motivation to evaluate admissibility under the forfeiture by wrongdoing exception, the court considers all of the evidence presented at the pretrial, including hearsay and other acts evidence, without regard to its ultimate admissibility); *In the Matter of B.W.*, 7th Dist. No. 17 MA 0071, 2017-Ohio-9220, 103 N.E.3d 266, ¶ 37 (confrontation clause is a trial right).

**{¶12}** Appellant complains the declarant provided a "misty" reference to "they say" when disclosing the defendants threatened to kill him. As pointed out, this reference was made in the context of discussing the trial of Appellant and his co-defendant who was his brother. We emphasized how circumstantial evidence inherently possesses the same probative value as direct evidence and rational inferences are permissible. *Henderson* at ¶ 32, citing *State v. Treesh*, 90 Ohio St.3d 460, 485, 739 N.E.2d 749 (2000), and *State v. Filiaggi*, 86 Ohio St.3d 230, 247, 714 N.E.2d 867 (1999). Such rules apply even when evaluating whether the state presented sufficient evidence to find a defendant guilty beyond a reasonable doubt. *See Treesh*, 90 Ohio St.3d at 485; *Filiaggi*, 86 Ohio St.3d at 247. Appellant must remember the standard at the evidentiary hearing was only preponderance of the evidence, which means "more likely than not" and does not require a firm conviction or belief, let alone proof beyond a reasonable doubt. *Henderson* at ¶ 25, 32, citing *State v.*

*Hand*, 107 Ohio St.3d 378, 2006-Ohio-18, 840 N.E.2d 151, ¶ 87, and *State ex rel. Doner v. Zody*, 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, ¶ 54.

**{¶13}** We thoroughly reviewed the evidence presented and concluded the preponderance of the evidence supported a conclusion that Appellant participated in intentionally procuring the witness's absence from trial. There is no reason for this court to further explain our decision as there is no obvious error or unaddressed argument. The request to reconsider our application of the forfeiture by wrongdoing exception to Appellant's case is denied, and as there is no conflict with this court's *Irwin* case, Appellant application for en banc consideration is also denied

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE KATHLEEN BARTLETT**

<u>**NOTICE TO COUNSEL**</u>

**This document constitutes a final judgment entry.**

<u>Case No. 16 MA 0057</u>