[Cite as *Richmond Mill, Inc. v. Ferraro*, 2020-Ohio-585.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

RICHMOND MILL, INC. et al.,

Plaintiffs- Appellees,

v.

MARGARET ALOE FERRARO et al.,

Defendants- Appellants.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 JE 0015**

---

Applications For Reconsideration and
Cross Motion to Reconsider

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Matthew W. Onest, Atty. Gregory Watts, Atty. John Burnworth,* Krugliak, Wilkins, Griffiths, & Dougherty Co., LPA., 4775 Munson Street, NW, PO Box 36963, Canton, Ohio 44718 for Plaintiffs-Appellees and

*Atty. David K. Schaffner,* Schaffner Law Offices, Co., LPA., 132 Fair Avenue, NW, New Philadelphia, Ohio 44663 for Defendants-Appellants.

**Dated:** February 18, 2020

**PER CURIAM.**

**{¶1}** On December 9, 2019, this court released a decision wherein we affirmed in part and reversed in part the decision of the Jefferson County Common Pleas Court which extinguished the mineral interests of four Appellants (and their partnership) in favor of Appellees Richmond Mills Inc. et al. We affirmed the portion of the trial court's decision which extinguished the mineral interests of two appellants (Linda Antonelli Nucci and Joyce DeLuca). We reversed the extinguishment decision entered against the other two appellants (Margaret Aloe Ferraro and Gilda Ognibene) as we found they continually possessed their interest for more than 40 years at the time they filed preservation notices.

**{¶2}** Appellants filed a timely application for reconsideration, arguing Nucci and DeLuca should be protected by the statutory continuous possession provision merely because Ferraro and Ognibene satisfied its requirements. Appellees filed a timely application for reconsideration of the decision that the mineral interests of Ferraro and Ognibene were not extinguished. For the following reasons, both applications for reconsideration are denied.

<u>App.R. 26(A) Application for Reconsideration</u>

**{¶3}** App.R. 26(A)(1) provides for the timely filing of an application for reconsideration of an appellate decision but includes no guidelines for determining whether to reconsider a decision. Pursuant to case law, when an application for reconsideration is timely filed, the appellate court considers whether the motion points to an obvious error or to an issue that was not fully considered when it should have been. *State v. Henderson*, 7th Dist. Mahoning No. 16 MA 0057, 2019-Ohio-130, ¶ 3, citing *Hills & Hollers LLC v. Ohio Gathering Co. LLC*, 7th Dist. No. 17 BE 0040, 2018-Ohio-3425, ¶ 4, citing *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus. "Reconsideration is not a second appeal or a mechanism to raise a new argument." *Henderson*, 7th Dist. No. 16 MA 0057 at 3, citing *Hills & Hollers*, 7th Dist. No. 17 BE 0040 at ¶ 4. Furthermore: "We need not re-explain our decision where the defendant is merely using the application as a means to express dissatisfaction with the logic used and conclusions reached in the appellate decision." *Id.* (The

application is also often overused as a means to extend the time for filing an appeal in the Ohio Supreme Court which requires a thorough memorandum in support of jurisdiction to be filed with the notice of appeal or within 45 days of the appellate judgment if a stay is sought).

Appellants' Reconsideration Application

**{¶4}** Appellants argue we committed an obvious legal error in holding that the statutory continuous possession exception applicable to the same record owner only protects those owners who satisfy the exception. Appellants state: R.C. 5301.51(B) makes continuous possession for 40 or more years equivalent to filing the notice mentioned in division (A) before the termination of the 40-year period; division (A) refers to R.C. 5301.52, which provides for the notice of preservation; the Dormant Mineral Act (DMA) in R.C. 5301.56 also incorporates the requirements of R.C. 5301.52 and states such a notice preserves the rights of all holders of a mineral interest in the same lands; and the Ohio Supreme Court recognized the DMA allows a preservation claim by one mineral interest owner to protect the other owners of the mineral interest in *Dodd v. Croskey*, 143 Ohio St.3d 293, 2015-Ohio-2362, 37 N.E.3d 147, ¶ 28.

**{¶5}** However, R.C. 5301.56 is the DMA, which is used for abandonment claims, and the *Dodd* case at ¶28 was expressly applying the provision in the DMA to an abandonment case. We specifically considered and rejected the use of the DMA to govern this extinguishment claim. In overruling Appellant's first assignment of error, we explained our existing position that there is no irreconcilable conflict in applying the DMA to abandonment claims and the other statutes in the MTA to extinguishment claims. *Richmond Mills Inc. v. Ferraro*, 7th Dist. Jefferson No. 18 JE 0015, 2019-Ohio-5249, ¶ 7-26. Likewise, a statement in the DMA (that a claim filed in compliance with the DMA preserves from abandonment the rights of all holders in the same lands) does not apply to other statutes. *Id.* at ¶ 43.

**{¶6}** We note the dissent in our case would have allowed the continuous possession by two record owners to satisfy the statute for the two deceased former mineral owners. The majority rejected this result with a thorough analysis, including consideration of this very provision in the DMA. In deciding this case, we explicitly used the DMA provision in R.C. 5301.56(C)(2) for contrast purposes to show how the same

provision was not in the MTA provisions for a preservation notice or in its continuous possession exception to MTA extinguishment. *Id.* Even the dissent did not cite this provision in the DMA as binding in an extinguishment case applying the continuous possession exception; rather, the dissent merely considered the "rationale underpinning" of the provision in R.C. 5301.56(C)(2). *Id.* at ¶ 46 (D'Apolito, J., dissenting). There is no reason to reconsider our decision as we do not believe that a provision in the DMA is applicable to extinguishment proceedings.

<u>Appellees' Reconsideration Application</u>

{¶7} Appellees argue this court erred in applying the continuous possession provision to Appellants Ferraro and Ognibene, a unanimous decision by this court. First, Appellees say our application of the provision to those who are not in physical possession of the minerals ignores the plain meaning of the word possession. Appellees urge that merely because constructive possession by legal title can be sufficient in other statutes using the word possession (such as a quiet title action), the notice-equivalency provision for continuous possession requires more. They say the "filing for record" (of a preservation notice) under division (A) is the constructive part of the statute and there would be no need for division (B) if record ownership was sufficient for possession. Noting the MTA's purpose of allowing reliance on a record chain of title, Appellees claim a determination of whether someone is still alive defeats this purpose.

{¶8} As to the latter point, the determination of physical possession (or tax payments on the minerals for instance) similarly requires research in addition to mere record chain of title. Furthermore, our decision clearly reviewed division (B) of R.C. 5301.51 in conjunction with division (A). *Richmond Mills Inc.*, 7th Dist. No. 18 JE 0015 at ¶ 30. Our refusal to add the word "physical" before "possession" in division (B) does not make division (B) superfluous. Division (A) allows a person to file a notice, while division (B) relieves a person from filing a notice when they are the same record owner in continuous possession for 40 years. We considered Appellees' argument presented on appeal and rejected their contention that physical possession was required. *Id.* at ¶ 27-44. As Appellants point out, Appellees merely disagree with our conclusion.

{¶9} Next, Appellees argue that even if the possession of the mineral interest by the surviving mineral holders was sufficient under R.C. 5301.51(B), the following statutory

element prohibiting title transactions was not met. That is, R.C. 5301.51(B) begins: "If the same record owner of any possessory interest in land has been in possession of the land continuously for a period of forty years or more, *during which period no title transaction with respect to such interest appears of record in his chain of title * * *.*" (Emphasis added.) Appellees rely on the fact that Somerset Coal Company recorded a warranty deed in 1975 transferring the property to Anthony Mining Company while stating it was seized of an indefeasible estate in fee simple without mentioning a severed mineral interest.

{¶10} As Appellants respond, this deed is in the chain of the title for the property after the grantors transferred half the minerals to Appellants in 1947 and then granted the property to Somerset Coal in 1950 without mentioning the subject one-half mineral interest. *Richmond Mills Inc.*, 7th Dist. No. 18 JE 0015 at ¶ 5. The element cited by Appellees refers to the chain of title for the record owner who is claiming protection under the continuous possession provision: the title transaction must be "with respect" to the subject mineral interest and "appear of record in his chain of title" (the chain of title for the mineral interest record owner). R.C. 5301.51(B). *See also Heifner v. Bradford*, 4 Ohio St.3d 49, 446 N.E.2d 440 (1983), paragraph 1 of syllabus (the title transaction preserving a mineral interest can be part of an independent chain of title, i.e., the chain for the mineral interest). In any event and as Appellants point out, Appellees did not make this argument to the trial court or to this court on appeal.

{¶11} Lastly, Appellees claim that even assuming the continuous possession (notice equivalency) provision could be applied here, it could only be applied to Ognibene and not to Ferraro because Ferraro died before Appellees filed their complaint. They say the date of marketability was the date of the complaint, citing, e.g., *Senterra Ltd. v. Winland*, 7th Dist. Belmont No. 18 BE 0051, 2019-Ohio-4387. However, in *Senterra*, we found the arguments on the date marketability being determined were irrelevant in that case. *Id.* at ¶ 62. The *Senterra* decision also pointed out that the case did not involve a preservation notice which can affect the date marketability is being determined. *Id.*

{¶12} The case at bar involved a 2013 notice of preservation filed when Ferraro was still alive and still the same record owner in continuous possession. Appellees misconstrue our holding on the date of marketability. Regardless of whether Ferraro filed

a preservation notice in response to Appellees' abandonment attempt under the DMA, it was also a preservation notice under the MTA. To ascertain whether she was entitled to file this notice or whether her interest was already extinguished, her eligibility under the notice equivalency provision was at issue. We found the mineral owner Ferraro filed a proper preservation notice since her possession as the same record owner of the interest up to the date of the notice was continuous for more than forty years (and there was not alleged to be a title transaction in her chain of title with respect to her mineral interest). Her subsequent death before the complaint was filed against her three years later did not eliminate the propriety of her preservation notice. We find no obvious legal error in applying the continuous possession provision to the time when Ferraro filed her preservation notice to ascertain if she was eligible to file the notice.

{¶13} For all of the foregoing reasons, the applications for reconsiderations are overruled.

**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**