[Cite as *Cameron v. Mark West Liberty Midstream & Resources, L.L.C.*, 2024-Ohio-6072.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

DAVID E. CAMERON,

Plaintiff-Appellant,

v.

MARK WEST LIBERTY MIDSTREAM & RESOURCES, LLC ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 23 JE 0020

---

Appellees' Application for Reconsideration
and
Motion to Stay Enforcement of Remand

**BEFORE:**
Cheryl L. Waite, Carol Ann Robb, Mark A. Hanni, Judges.

**JUDGMENT:**
Denied.

*Atty. Michael D. Dortch*, *Atty. Richard R. Parsons*, *Atty. Justin M. Dortch*, Kravitz, Brown & Dortch, LLC and *Atty. Jeffrey Orr Brown*, for Plaintiff-Appellant

*Atty. Christopher R. Nestor* and *Atty. David R. Overstreet*, Overstreet & Nestor, LLC, for Defendants-Appellees

Dated: December 20, 2024

**PER CURIAM.**

{¶1} Appellees Mark West Liberty Midstream & Resources, LLC and Jefferson Gas Gathering Co, LLC ("Mark West") have filed an application for reconsideration and a motion to stay enforcement of the remand ordered in *Cameron v. Mark West Liberty Midstream & Resources, LLC,* 2024-Ohio-5279 (7th Dist.). Appellant David Cameron has filed a response. Because Appellees simply disagree with the logic employed by this Court in reaching our decision, the application for reconsideration and motion for stay are denied.

<u>Factual and Procedural History</u>

{¶2} The facts of the underlying matter are complicated and will not be fully recited herein. However, the appeal concerns a right-of-way pipeline easement agreement which this Court found to be inherently ambiguous. The appeal also involves the promise of Mark West to install an electronic fence. They admittedly did not. In our Opinion, we reversed the trial court's decision that the agreement was not ambiguous and that the promise regarding the fence was gratuitous, and remanded the matter for further proceedings.

{¶3} We note that throughout their application, Mark West raises what are styled "reasons for reconsideration," which we convert to assignments of error.

<u>Application For Reconsideration</u>

The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the

attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge*, 37 Ohio App.3d 68 (10th Dist. 1987), paragraph one of the syllabus.

<u>ASSIGNMENT OF ERROR NO. 1</u>

The Court of Appeals Committed Obvious Error By Concluding That The Parties Expected A Trial On The Threshold Issue Of Ambiguity.

**{¶4}** Beginning with Mark West's claim that the parties and the trial court decided to resolve the issue through means of summary judgment during a pretrial conference for which no transcripts exist, this assertion is irrelevant, as it merely provides background and procedural history.

**{¶5}** The only record evidence of the summary judgment process is Cameron's motion "REGARDING HIS CLAIMS FOR DECLARATORY RELIEF, AND ALTERNATIVE MOTION FOR THE ENTRY OF AN ORDER CONVERTING THIS BRIEF INTO A MOTION FOR SUMMARY JUDGMENT IN HIS FAVOR." (3/2/20 Motion.) Mark West responded to this motion in a document titled "BRIEF IN OPPOSITION TO PLAINTIFF'S BRIEF REGARDING CLAIMS FOR DECLARATORY RELIEF." In this brief, Mark West took the opposite approach it now takes, arguing that "[b]ecause the threshold determination of the meaning of the Right-of-Way Agreement has yet to be made, and is the very purpose of this bifurcated proceedings, Plaintiff's attempt at summary judgment on the merits is premature." (3/27/20 Motion in Opposition, p. 9.) It appears that, although not clear from this record, the matter was addressed by the parties and the trial court at

a pretrial hearing.  Because the transcripts for this hearing are not part of the record, we have no way of knowing what actually occurred at this pretrial stage.

**{¶6}**  Regardless, while the parties may have agreed to have the trial court resolve the matter through summary judgment during this pretrial hearing, the fact remains that it should have become abundantly clear to the trial court during these proceedings that genuine issues of material fact existed and summary judgment was not appropriate or warranted.  Mark West clearly disagrees with this determination, even though it opposed summary judgment during at least the initial trial court proceedings.  Disagreement with our Opinion does not support reconsideration, however.

## ASSIGNMENT OF ERROR NO. 2

The Court of Appeals Committed Obvious Error By Determining The Threshold Issue Of Ambiguity By Leaping Over The Plain Language Of The Contract And Resorting To Extrinsic Evidence.

**{¶7}**  Here, Mark West merely restates the same arguments found in its merit brief that were fully addressed and rejected by this Court.  Mark West has not pointed to any obvious error, but simply disagrees with our Opinion.  Again, this does not support reconsideration.

## ASSIGNMENT OF ERROR NO. 3

The Court of Apppeals [sic] Committed Obvious Error By Concluding That The Trial Court Found A Trespass.

Case No. 23 JE 0020

**{¶8}** To be clear, Mark West misstates this Court's Opinion. We did not conclude the trial court found a trespass. Instead, we noted the trial court lacked clarity as to whether it found no trespass had taken place or found that minimal trespass had occurred. Despite the imprecision in the language employed by the trial court, this Court assumed the court found no trespass had occurred. However, as the matter has been entirely remanded to the trial court, Mark West's semantic argument is immaterial, here.

ASSIGNMENT OF ERROR NO. 4

The Court of Appeals Committed Obvious Error By Applying The Wrong Standard Of Review.

**{¶9}** Mark West's contention that this Court deferred to Cameron's recitation of the facts is incorrect. It is apparent from our Opinion that we conducted our own review of the record and developed our factual and procedural recitation based on the record. We note that, as stated within our Opinion, it is unclear on what basis the trial court rooted its August 12, 2020 decision, as both declaratory relief and summary judgment are referenced by the trial court. As we acknowledged, and Mark West concedes in its first assignment of error here, the decision was not reached following any sort of evidentiary proceeding, thus, manifest weight of the evidence cannot apply. As we have determined there were issues of material fact that required a full evidentiary hearing, there was no appropriate factual determination made by the trial court to which we are required to defer.

ASSIGNMENT OF ERROR NO. 5

The Court Of Appeals Committed Obvious Error By Finding Breach Of An Oral Contract Regarding Fencing Given The Fully Integrated Contract Between The Parties.

ASSIGNMENT OF ERROR NO. 6

The Court of Appeals Committed Obvious Error By Finding That Plaintiff Proved Damages For Breach Of An Oral Contract.

{¶10} The trial court did conduct an abbreviated hearing on certain disputed issues. As to the oral promise raised here, the trial court found the promise to be gratuitous, thus lacked the element of consideration. We clearly understood the trial court did not find an enforceable agreement between the parties on this issue, despite the trial court's discussion related to partial performance.

{¶11} As noted by the trial court, while Cameron's testimony regarding damages was not what the court was accustomed to, Cameron did testify as to his damages regarding Mark West's failure to perform, and that testimony was uncontroverted. Mark West obviously disagrees with our observation of this fact on the record. Again, there is no obvious error in pointing out testimony in an appellate record. Regardless, as earlier discussed, the case is remanded in its entirety to the trial court so that any further factual disputes can be clarified on remand.

Conclusion

{¶12} Because it is clear Appellees simply disagree with the logic employed by this Court in reaching our decision, the application for reconsideration and motion for stay in this matter are denied.



**JUDGE CHERYL L. WAITE**

**JUDGE CAROL ANN ROBB**

**JUDGE MARK A. HANNI**